UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

ELEANOR ("RONNIE") BEHRINGER,

          Plaintiff,

   vs.

LAVELLE SCHOOL FOR THE BLIND AND
FRANK SIMPSON,

          Defendants.

———————————————————————x

Honorable John G. Koeltl

Civil Action No. 08-4899 (JGK-THK)

**ANSWER**

Defendants, Lavelle School for the Blind ("Lavelle" or the "School"), and Mr. Frank Simpson ("Simpson") (collectively, "Defendants"), by and through their attorneys, Kelley Drye & Warren LLP, respond to the allegations contained in the Complaint of plaintiff Eleanor Behringer ("Behringer" or "plaintiff"), as follows:

     1.     Deny each and every allegation contained in paragraph 1 of the Complaint, except admit that Simpson is Superintendent of Lavelle and that plaintiff purports to bring the instant action against Defendants.

     2.     Deny each and every allegation contained in paragraph 2 of the Complaint, except admit that plaintiff purports to claim that she was discriminated against, retaliated against and wrongfully discharged from her employment with the School.

     3.     Deny each and every allegation contained in paragraph 3 of the Complaint, except admit that plaintiff purports to assert claims against Defendants pursuant to the statutory provisions recited therein.

     4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 4 of the Complaint.

     5.     Admit the allegations contained in paragraph 5 of the Complaint.

6.      Admit the allegations contained in paragraph 6 of the Complaint.

7.      Deny each and every allegation contained in paragraph 7 of the Complaint as they seek a legal conclusion, except admit to the Court's jurisdiction.

8.      Deny each and every allegation contained in paragraph 8 of the Complaint as they seek a legal conclusion, except admit that venue is properly laid in this District.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.      Deny each and every allegation contained in paragraph 13 of the Complaint, except admit that plaintiff purports to seek an award of "appropriate relief."

14.      Deny each and every allegation contained in paragraph 14 of the Complaint, except admit that plaintiff was employed by the School from 1990 until February 28, 2007, that plaintiff's final position at Lavelle was Lower School Principal and that Lavelle has a website on the Internet at www.lavelleschool.org.

15.      Deny each and every allegation contained in paragraph 15 of the Complaint.

16.      Deny each and every allegation contained in paragraph 16 of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.    Deny each and every allegation contained in paragraph 18 of the Complaint, except admit, upon information and belief, that plaintiff took an extended medical leave of absence from work at some juncture during her employment with Lavelle, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 18 of the Complaint.

19.    Deny each and every allegation contained in paragraph 19 of the Complaint, except admit, upon information and belief, that plaintiff returned from her extended medical leave of absence and, some time thereafter, received a promotion to Program Supervisor, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 19 of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admit, upon information and belief, that plaintiff took an extended medical leave of absence from work.

21.    Deny each and every allegation contained in paragraph 21 of the Complaint as they seek legal conclusions, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's assertions that she is a recovering alcoholic and has an "undisputed history and record of alcoholism."

22.    Deny each and every allegation contained in paragraph 22 of the Complaint, except admit that plaintiff received some written performance evaluations indicating an overall "met expectations" rating, and affirmatively aver that also plaintiff received "below expectations" and "significantly below expectations" ratings in several work performance categories.

3

23.    Deny each and every allegation contained in paragraph 23 of the Complaint, except admit that plaintiff was reappointed and given raises during her employment with Lavelle.

24.    Deny each and every allegation contained in paragraph 24 of the Complaint.

25.    Deny each and every allegation contained in paragraph 25 of the Complaint and refer the Court to plaintiff's May 2001 evaluation for a complete recitation of its contents.

26.    Admit the allegations contained in paragraph 26 of the Complaint

27.    Admit the allegations contained in paragraph 27 of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.    Deny each and every allegation contained in paragraph 29 of the Complaint, except admit that a memorandum, dated January 11, 2002, issued to plaintiff and refer the Court to that memorandum for a complete recitation of its contents.

30.    Deny each and every allegation contained in paragraph 30 of the Complaint, except admit that plaintiff received a salary increase in or around August 2002 and that such increase was made retroactive to September 1, 2001.  Defendants further affirmatively aver that all three Program Administers received the same retroactive raises in recognition of their receipt of vision certification.

31.    Admit the allegations contained in paragraph 31 of the Complaint and affirmatively aver that plaintiff also received "below expectations" and "significantly below expectations" ratings in several work performance categories.

32.     Deny each and every allegation contained in paragraph 32 of the Complaint.

33.     Deny each and every allegation contained in paragraph 33 of the Complaint.

34.     Deny each and every allegation contained in paragraph 34 of the Complaint.

35.     Deny each and every allegation contained in paragraph 35 of the Complaint.

36.     Deny each and every allegation contained in paragraph 36 of the Complaint, except admit that plaintiff requested to take FMLA leave in 2006, and affirmatively aver that plaintiff's request was granted.

37.     Admit that plaintiff received a revised performance evaluation on or about April 12, 2006 and refer the Court to the referenced memorandum for a full recitation of its terms.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admit that plaintiff, along with other Lavelle employees, was involved in a labor arbitration involving Elizabeth Duffy, a former Lavelle teacher.

39.     Deny each and every allegation contained in paragraph 39 of the Complaint, except admit that plaintiff attended meetings with Vincent D'Andrea, Esq., Superintendent Simpson, Lorrie Nanry and Diane Tucker in connection with the Duffy arbitration.

NY01/PARKJE/1295201.1

40.    Deny each and every allegation contained in paragraph 40 of the Complaint and affirmatively aver that Simpson was aware that plaintiff was a recovering alcoholic prior to the spring of 2006.

41.    Deny each and every allegation contained in paragraph 41 of the Complaint.

42.    Deny each and every allegation contained in paragraph 42 of the Complaint.

43.    Deny each and every allegation contained in paragraph 43 of the Complaint.

44.    Deny each and every allegation contained in paragraph 44 of the Complaint.

45.    Deny each and every allegation contained in paragraph 45 of the Complaint.

46.    Deny each and every allegation contained in paragraph 46 of the Complaint.

47.    Deny each and every allegation contained in paragraph 47 of the Complaint.

48.    Deny each and every allegation contained in paragraph 48 of the Complaint.

49.    Deny each and every allegation contained in paragraph 49 of the Complaint, except admit that plaintiff was issued a memorandum, dated February 28, 2007.

50.    Deny each and every allegation contained in paragraph 50 of the Complaint.

6

51.    Deny each and every allegation contained in paragraph 51 of the Complaint.

52.    Deny each and every allegation contained in paragraph 52 of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.    Deny each and every allegation contained in paragraph 54 of the Complaint.

55.    Deny each and every allegation contained in paragraph 55 of the Complaint.

56.    Deny each and every allegation contained in paragraph 56 of the Complaint.

57.    Deny each and every allegation contained in paragraph 57 of the Complaint.

58.    Deny each and every allegation contained in paragraph 58 of the Complaint.

59.    Deny each and every allegation contained in paragraph 59 of the Complaint.

60.    Deny each and every allegation contained in paragraph 60 of the Complaint.

61.    Deny each and every allegation contained in paragraph 61 of the Complaint.

62.    Deny each and every allegation contained in paragraph 62 of the Complaint.

NY01/PARKJE/1295201.1

63.    Deny each and every allegation contained in paragraph 63 of the Complaint.

64.    Deny each and every allegation contained in paragraph 64 of the Complaint.

65.    Deny each and every allegation contained in paragraph 65 of the Complaint.

66.    Deny each and every allegation contained in paragraph 66 of the Complaint as they seek a legal conclusion.

67.    Deny each and every allegation contained in paragraph 67 of the Complaint.

68.    Deny each and every allegation contained in paragraph 68 of the Complaint.

69.    Deny each and every allegation contained in paragraph 69 of the Complaint.

70.    Deny each and every allegation contained in paragraph 70 of the Complaint.

71.    Deny each and every allegation contained in paragraph 71 of the Complaint.

72.    Deny each and every allegation contained in paragraph 72 of the Complaint.

**AS AND FOR DEFENDANTS' RESPONSE TO
PLAINTIFF'S FIRST COUNT
(Americans with Disabilities Act)**

73.    Repeat, reiterate and reallege their responses to the allegations set forth in paragraphs "1" through "72" of the Complaint as if set forth fully herein.

8

74.     Deny each and every allegation contained in paragraph 74 of the Complaint, except admit that plaintiff purports to predicate her first count against Defendants on the Americans with Disabilities Act.

75.     Deny each and every allegation contained in paragraph 75 of the Complaint as they seek a legal conclusion.

76.     Deny each and every allegation contained in paragraph 76 of the Complaint as they seek a legal conclusion.

77.     Deny each and every allegation contained in paragraph 77 of the Complaint as they seek a legal conclusion.

78.     Deny each and every allegation contained in paragraph 78 of the Complaint.

79.     Deny each and every allegation contained in paragraph 79 of the Complaint.

80.     Deny each and every allegation contained in paragraph 80 of the Complaint.

81.     Deny each and every allegation contained in paragraph 81 of the Complaint.

82.     Deny each and every allegation contained in paragraph 82 of the Complaint.

83.     Deny each and every allegation contained in paragraph 83 of the Complaint.

NY01/PARKJE/1295201.1

## AS AND FOR DEFENDANTS' RESPONSE TO
## PLAINTIFF'S SECOND COUNT
### (FMLA)

84.     Repeat, reiterate and reallege their responses to the allegations set forth in paragraphs "1" through "83" of the Complaint as if set forth fully herein.

85.     Deny each and every allegation contained in paragraph 85 of the Complaint, except admit that plaintiff purports to predicate her second count against Defendants on the Family and Medical Leave Act.

86.     Deny each and every allegation contained in paragraph 86 of the Complaint as they seek a legal conclusion.

87.     Deny each and every allegation contained in paragraph 87 of the Complaint as they seek legal conclusions.

88.     Deny each and every allegation contained in paragraph 88 of the Complaint.

89.     Deny each and every allegation contained in paragraph 89 of the Complaint as they seek a legal conclusion.

90.     Deny each and every allegation contained in paragraph 90 of the Complaint.

91.     Deny each and every allegation contained in paragraph 91 of the Complaint.

92.     Deny each and every allegation contained in paragraph 92 of the Complaint.

93.     Deny each and every allegation contained in paragraph 93 of the Complaint.

94.     Deny each and every allegation contained in paragraph 94 of the Complaint.

10

95.     Deny each and every allegation contained in paragraph 95 of the Complaint.

96.     Deny each and every allegation contained in paragraph 96 of the Complaint.

97.     Deny each and every allegation contained in paragraph 97 of the Complaint.

### AS AND FOR DEFENDANTS' RESPONSE TO
### PLAINTIFF'S THIRD COUNT
### (NYSHRL)

98.     Repeat, reiterate and reallege their responses to the allegations set forth in paragraphs "1" through "97" of the Complaint as if set forth fully herein.

99.     Deny each and every allegation contained in paragraph 99 of the Complaint, except admit that plaintiff purports to predicate her third count against Defendants on the New York State Human Rights Law.

100.    Deny each and every allegation contained in paragraph 100 of the Complaint as they seek legal conclusions.

101.    Deny each and every allegation contained in paragraph 101 of the Complaint as they seek legal conclusions.

102.    Deny each and every allegation contained in paragraph 102 of the Complaint as they seek legal conclusions.

103.    Deny each and every allegation contained in paragraph 103 of the Complaint as they seek a legal conclusion.

104.    Deny each and every allegation contained in paragraph 104 of the Complaint.

NY01/PARKJE/1295201.1

105.    Deny each and every allegation contained in paragraph 105 of the Complaint.

106.    Deny each and every allegation contained in paragraph 106 of the Complaint as they seek legal conclusions.

107.    Deny each and every allegation contained in paragraph 107 of the Complaint.

108.    Deny each and every allegation contained in paragraph 108 of the Complaint.

109.    Deny each and every allegation contained in paragraph 109 of the Complaint.

110.    Deny each and every allegation contained in paragraph 110 of the Complaint.

111.    Deny each and every allegation contained in paragraph 111 of the Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO
## PLAINTIFF'S FOURTH COUNT
## (NYCHRL)

112.    Repeat, reiterate and reallege their responses to the allegations set forth in paragraphs "1" through "111" of the Complaint as if set forth fully herein.

113.    Deny each and every allegation contained in paragraph 113 of the Complaint, except admit that plaintiff purports to predicate her third count against Defendants on the New York City Human Rights Law.

114.    Deny each and every allegation contained in paragraph 114 of the Complaint as they seek legal conclusions.

NY01/PARKJE/1295201.1

115.    Deny each and every allegation contained in paragraph 115 of the Complaint as they seek legal conclusions.

116.    Deny each and every allegation contained in paragraph 116 of the Complaint as they seek legal conclusions.

117.    Deny each and every allegation contained in paragraph 117 of the Complaint as they seek a legal conclusion.

118.    Deny each and every allegation contained in paragraph 118 of the Complaint.

119.    Deny each and every allegation contained in paragraph 119 of the Complaint.

120.    Deny each and every allegation contained in paragraph 120 of the Complaint.

121.    Deny each and every allegation contained in paragraph 121 of the Complaint as they seek legal conclusions.

122.    Deny each and every allegation contained in paragraph 122 of the Complaint.

123.    Deny each and every allegation contained in paragraph 123 of the Complaint.

124.    Deny each and every allegation contained in paragraph 124 of the Complaint.

125.    Deny each and every allegation contained in paragraph 125 of the Complaint.

126.    Deny each and every allegation contained in paragraph 126 of the Complaint.

NY01/PARKJE/1295201.1

## AS AND FOR DEFENDANTS' RESPONSE TO
## PLAINTIFF'S PRAYER FOR RELIEF and JURY DEMAND

127.    Deny that plaintiff is entitled to any of the relief she seeks in the "Wherefore" clause of the Complaint.

128.    Admit that plaintiff purports to demand for a jury trial of this action and affirmatively aver that plaintiff is not so entitled.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

129.    The Complaint fails, in part, to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

130.    The Complaint is barred, in part, by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

131.    Plaintiff's culpable conduct and/or failure to mitigate contributed to any damages allegedly incurred by her as a result of Defendants' alleged actions.

WHEREFORE, Defendants demand judgment dismissing the Complaint, in its entirety, and ask for their costs and disbursements in defending this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 14, 2008

KELLEY DRYE & WARREN LLP

By: _____
       Jean Y. Park

101 Park Avenue
New York, New York 10178
(212) 808-7800
 Attorneys for Defendants

14