UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEANOR ("RONNIE") BEHRINGER,<br><br>Plaintiff,<br><br>-against-<br><br>LAVELLE SCHOOL FOR THE BLIND and FRANK SIMPSON,<br><br>Defendants. | Civil Action No.: 08-4899 (JGK-THK) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

DATED: June 14, 2010

KELLEY DRYE & WARREN LLP
Jean Y. Park (jpark@kelleydrye.com)
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
   Attorneys for Defendants
   Lavelle School for the Blind and Frank Simpson

# TABLE OF CONTENTS

**Page**

ARGUMENT...........................................................................................................................1

I.   THE COURT SHOULD DISREGARD AND STRIKE THOSE PORTIONS OF PLAINTIFF'S 56.1 COUNTERSTATEMENT THAT ARE UNSUPPORTED, CONTRADICT THE RECORD EVIDENCE, AND/OR PURPORT TO ASSERT, AS "FACT," THE COMPLAINT ALLEGATIONS.........................................1

II.  PLAINTIFF HAS FAILED TO REFUTE DEFENDANTS' SHOWING THAT HER DISABILITY-BASED CLAIMS ARE DEFICIENT.................................................2

    A.    No Disability-Based Retaliation........................................................................2

    B.    No Disability-Based Harassment........................................................................3

    C.    No Disability Discrimination............................................................................4

        1.    Behringer Has Failed to Establish a Prima Facie Case ............................4

        2.    Plaintiff Was Discharged For Legitimate, Non-Discriminatory Reasons Which She Has Failed to Refute As Pretextual............................7

III. PLAINTIFF HAS FAILED TO DEMONSTRATE ANY GROUNDS FOR THE CONTINUED PROSECUTION OF HER FMLA CLAIMS.............................................9

CONCLUSION ....................................................................................................................11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEANOR ("RONNIE") BEHRINGER,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>LAVELLE SCHOOL FOR THE BLIND and FRANK SIMPSON,<br><br>　　　　　　Defendants. | Civil Action No.: 08-4899 (JGK-THK)<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT** |

There are no genuine factual disputes material to plaintiff's claims of disability discrimination, harassment and retaliation, and FMLA violations. Unable to present admissible and concrete particulars to rebut Defendants' moving papers, Behringer attempts an end run around her Rule 56(e) burden, submitting: (i) a Rule 56.1 Counterstatement which interjects irrelevant "facts" of no probative value and otherwise purports to deny, without evidentiary support, 58 of the 87 paragraphs contained in Defendants' Rule 56.1 Statement, and (ii) a memorandum of law replete with additional assertions of unsupported or immaterial fact, inapposite case law, and a skewed presentation of the record evidence.

## ARGUMENT

I. **THE COURT SHOULD DISREGARD AND STRIKE THOSE PORTIONS OF PLAINTIFF'S 56.1 COUNTERSTATEMENT THAT ARE UNSUPPORTED, CONTRADICT THE RECORD EVIDENCE, AND/OR PURPORT TO ASSERT, AS "FACT," THE COMPLAINT ALLEGATIONS**

   A.   **Plaintiff's Unsupported Denials**

Local Rule 56.1 requires a counterstatement to have correspondingly numbered paragraphs that specifically controvert a moving party's statements, followed by citation to admissible evidence. Local Civil Rule 56.1(c) and (d). Plaintiff's 56.1 Counterstatement ignores these rules. Rather than controverting Defendant's 56.1 Statement, Behringer proffers blanket denials, without citations, and then directs the Court to averments and additional statements of

inapposite, inconsequential or unsubstantiated "facts." (*See* Pltf. 56.1 ¶¶ 3-4, 10, 12-14, 16, 17, 23-25, 31-45, 47-48, 50, 52-54, 56-60, 64-73, 76-80, 84-87.) These denials merit no regard. *Sadler v. Moran Towing Corp.*, 204 F. Supp.2d 695, 696 (S.D.N.Y. 2002).

The Court should also strike those portions of the Counterstatement based on conclusory or contradictory statements in plaintiff's affidavit in opposition. (*See* Pltf. 56.1 ¶¶ 46, 49.) Behringer admitted in her written response to her January 2006 evaluation that "I am aware of one instance when I chose the wrong words when dealing with an OT." (*Compare* Park Decl. Ex. 32; Behringer Aff. ¶ 7.) She also admitted that the universal tangible cue system was not being used consistently in her classes. (*Compare* Park Decl. Ex. 31; Behringer Aff. ¶ 6.)

The Court should disregard plaintiff's conclusory and speculative denials concerning matters about which she has no personal knowledge. (Pltf. 56.1 ¶¶ 49, 55, 63, 74-75.) Plaintiff's extensive supplemental statements of unsupported or immaterial factual averments and argument masquerading as factual averments, similarly cannot defeat the Motion. "Factual disputes that are irrelevant or unnecessary will not be counted" in considering Rule 56 motions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

## II. PLAINTIFF HAS FAILED TO REFUTE DEFENDANTS' SHOWING THAT HER DISABILITY-BASED CLAIMS ARE DEFICIENT

### A. No Disability-Based Retaliation

Plaintiff's insistence that she has pled an ADA retaliation claim is empty. (Pltf. Opp. at 25.) As detailed in Defendants' principal brief, a condition antecedent to such a claim is "protected activity." (*See* Def. Mem. at 14-15.) Conceding as much, Behringer points to subsection (b) of 42 U.S.C. § 12203 and baldly argues that this provision authorizes a retaliation claim based on "interference, coercion or intimidation" without any protected activity.

Aside from violating the basic pleading rules of Fed. R. Civ. P. 8(a), this argument cannot stand because "the exercise or enjoyment of" rights granted under this provision means an

employee's request for a reasonable accommodation, which is not an issue here. *See Lovejoy-Wilson v. NCCO Motor Fuel, Inc.*, 263 F.3d 208, 222-23 (2d Cir. 2001) (holding alleged threats against the plaintiff for asking for an accommodation states a violation of 42 U.S.C. § 12203(b)). Plaintiff's construction of 42 U.S.C. § 12203(b) negates the "protected activity" element of a retaliation claim, rendering it indistinguishable from a discrimination claim. Behringer's citation to *Mondzelewski v. Pathmark Stores, Inc.*, 162 F.3d 778, 781 (3d Cir. 1998), and *Regional Economic Community Action Program ("RECAP") v. City of Middletown*, 294 F.3d 35, 53-54 (2d Cir. 2002), does not support this interpretation. *Mondzelewski* involved a request for reasonable accommodation; *RECAP* involved complaints of ADA violations. *Id.*

### B.   No Disability-Based Harassment

Plaintiff fares no better in opposing dismissal of her harassment claims under the ADA, NYSHRL and NYCHRL. (Pltf. Opp. at 24-25.)  First, no disability-based hostile environment claim can lie under the ADA where a plaintiff fails to demonstrate that she is "disabled." *See Edwards v. Brookhaven Science Assocs.*, 390 F. Supp. 2d 225, 230-32 (E.D.N.Y. 2005). Second, even assuming a disability exists, Simpson's four, facially neutral, incidents of alleged "harassment" do not give rise to an actionable claim of harassment. (*See* Def. Mem. at 15-16.)

The factors for determining whether alleged harassment is actionable under the ADA and the NYSHRL are: (i) the frequency of the conduct; (ii) the severity of the conduct; (iii) whether the conduct is physically threatening or humiliating, and (iv) whether the conduct unreasonably interferes with the employee's work performance. *Brennan v. Metropolitan Opera Assoc., Inc.*, 192 F.3d 310, 319 (2d Cir. 1999). Failure to identify either an "extraordinarily severe" incident or a sufficient number of incidents that cumulatively alter the terms and conditions of employment warrants summary judgment. *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 59 (2d Cir. 2004). In addition, the alleged harassment under the ADA, NYSRHL *and NYCHRL*

must be based on the protected characteristic. *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001); *Selmanovic v. NYSE*, 2007 U.S. Dist. LEXIS 94963, at * 9 (S.D.N.Y. Dec. 21, 2007).

There are no facts or circumstances from which a rational trier of fact could find any inference that Simpson's alleged harassment -- facially and contextually neutral -- was based on plaintiff's alleged disability. *Vargas v. Manhattan and Bronx Surface Transit Operating Auth.*, 2010 U.S. Dist. LEXIS 42736, at *15, n.4 (S.D.N.Y. Apr. 30, 2010); *Sharpe v. MCI Communications Servs., Inc.*, 684 F. Supp. 2d 394, 400-01 (S.D.N.Y. 2010) (allegations of harsh and hostile treatment toward people of color not a "concrete particular" sufficient to support a racially hostile work environment). Further, the incidents of the alleged "harassment," even assuming a nexus to alcoholism, are too inconsequential to satisfy the "severe and pervasive" threshold under the ADA and NYSHRL. Plaintiff cannot cure this deficiency by alleging "other incidents" of Simpson's alleged rudeness, condescension, contempt and threatening tone (*see* Pltf. 56.1 at ¶ 172) as they comprise "conclusory allegations" that cannot defeat the Motion. *Cameron v. Community Aid for Retarded Children, Inc.*, 335 F.3d 60, 65-66 (2d Cir. 2003).

C. **No Disability Discrimination**

1. **Behringer Has Failed to Establish a *Prima Facie* Case**

(a) **Plaintiff is not "Disabled" under the ADA.** Contrary to plaintiff, "recovering alcoholism" is not a *per se* disability. (*See* Pltf. Opp. at 15.) The Second Circuit has repeatedly held that, while "alcoholism" may be an impairment under 42 U.S.C. § 12102(1)(A), "the plaintiff must still show that the impairment limited one or more of his "major life activities." *Vandenbroek v. PSEG Power CT LLC*, 356 Fed. Appx. 457, 459 at n.2 (2d Cir. 2009) (citations omitted). Behringer admits to no limitations as a result of her alcoholism. (Pltf. 56.1 ¶¶ 2, 6-9.) This precludes her from establishing that she is "disabled" by virtue of being "substantially limited in a major life activity." (*See* Def. Mem. at 16-17.)

What remains is Behringer's claim that she has a "record of a disability."[1] Again, there is no automatic coverage for recovering alcoholics on this ground and *Buckley v. Consolidated Edison Co.*, 127 F.3d 270, 272-73 (2d Cir. 1997), does not stand for this proposition. At issue in *Buckley* was the lower court's ruling that a recovering drug and alcohol addict is not a "qualified individual with a disability" under the ADA. The Second Circuit reversed this holding, but made clear that a plaintiff claiming a "record of disability" must still show a mental or physical impairment substantially limiting one or more major life activities. *Id.* at 273.

Behringer's reliance on *RECAP* is similarly misplaced. The *RECAP* plaintiffs lived in halfway houses and had a documented medical need for a supported living arrangement. 294 F.3d at 46-48. Behringer, in contradistinction, has no such records (*see* Def. Mem. at 17-18), and her attempted introduction of unauthenticated medical records through her attorney's certification (*see* Goldberg Cert. at Ex. N) should be stricken as inadmissible hearsay, irrelevant[2] and because plaintiff refused to provide authorizations for the release of any medical records during discovery. *Fall v. NYS United Teachers*, 289 Fed. Appx. 419, 421 at n. 3 (2d Cir. 2008) (unsworn audiologist reports constitute inadmissible hearsay); *see also* Park Decl. Ex. 5.

Even assuming proper submission, plaintiff still cannot establish a record of disability based on alcoholism. While these documents mention plaintiff's history of alcoholism and relapse, they dwell on other medical conditions. Further, they fail to show that plaintiff was substantially limited in any major life activity due to her alcoholism. Under similar facts, the court in *Falso v. SPG Direct*, 2008 U.S. Dist. LEXIS 35842 (W.D.N.Y. May 1, 2008), *aff'd* 353

---

[1] Plaintiff fails to address, and thereby concedes, that Simpson did not "perceive" her to be disabled. *Ragin v. East Ramapo Cent. Sch. Dist.*, 2010 U.S. Dist. LEXIS 32576, at *1-2, n. 1 (S.D.N.Y. Mar. 31, 2010) (claim abandoned when not addressed in opposition papers).

[2] As a matter of law, Simpson would have needed to see and rely on the records for them to have any probative value. *Colwell v. Suffolk County Police Dept.*, 158 F.3d 635, 645 (2d Cir. 1998), *citing* 29 C.F.R. pt. 1630, App. 1630.2(k).

Fed. Appx. 662, 663 (2d Cir. 2009), found no record of disability in the face of medical records diagnosing plaintiff with several "learning, social, and mild physically disabilities." *Id.* at *8. According to the *Falso* court, these records did not support a finding of disability where the plaintiff failed to allege, and the records did not catalogue, any substantial limitations concerning a major life activity *and* the employer was not provided with any of these records. *Id. See also*, *Levine v. Smithtown Central Sch. Dist.* 565 F. Supp.2d 407, 426 (E.D.N.Y. 2008) (same).

(b) **The Circumstances Surrounding Plaintiff's Discharge Do Not Support An Inference of Disability Discrimination.** Behringer's *prima facie* case under the ADA, NYSHRL and NYCHRL likewise falters for lack of any competent facts or circumstances giving rise to an inference of disability discrimination. (*See* Def. Mem. at 18.) First, plaintiff admits that none of the incidents of alleged discrimination by Simpson -- save her February 28, 2007 discharge -- constitutes independently actionable adverse employment actions. (Pltf. Opp. at 17-21.) As for that discharge, it was 8 months removed from Behringer's June 23, 2006 "disclosure" to Simpson[3], with no intervening incidents or evidence of invidious remarks or treatment, no disparate treatment vis-à-vis plaintiff's comparators, Nanry and Tucker, and no selective enforcement. Try as plaintiff may, an inference of discriminatory animus cannot be cobbled together by taking 4 neutral incidents, conclusorily declaring them to be discriminatory "escalation," and then asserting, by fiat, an inference of discriminatory discharge. None of the retaliation cases cited in the opposition brief (*see* Pltf. Opp. at 19) is factually on point. *Espinal* and *Grant* supported lengthy periods of time between the protected activity and the adverse employment action because the plaintiffs demonstrated that the defendants were unable to retaliated any sooner. *McKenzie* was a 12(b) motion, *Allen* involved significantly shorter period

---

[3] The dispute over when Simpson came to know of plaintiff's alcoholism (*see* Pltf. Opp. at 15-17) is immaterial and does not defeat the Motion. Even under plaintiff's revisionist account, the record evidence does not support any causal connection between June 2006, when Simpson "learned" that plaintiff was a recovering alcoholic, and her discharge 8 months later.

of time, and *Quinby* survived an 8-month gap because the record evidence shows immediate adverse actions and evidence that the employer had decided to discharge the plaintiff 4 months earlier. *Fabela* is a complete factual outlier, involving direct evidence of retaliatory animus.

Indeed, *Quinby v. West LB AG* provides that an 8-month lapse of time is, absent extenuating circumstances, too attenuated to support an inference of discriminatory/retaliatory animus. 2007 WL 1153994, at *13 (S.D.N.Y. Apr. 19, 2007) (collecting cases).

### 2. Plaintiff Was Discharged For Legitimate, Non-Discriminatory Reasons Which She Has Failed to Refute As Pretextual

Even assuming, arguendo, that an inference can be drawn, Behringer simply cannot refute Defendants' showing that they had legitimate, non-discriminatory reasons for firing plaintiff; to wit, plaintiff's false reports of potential child abuse and sexual misconduct by a fellow employee. Conceding at deposition that engaging in this conduct would have been a terminable offense, plaintiff argues that the February 13th incident is pretext for disability discrimination because (1) she "did nothing wrong" and (2) Simpson gave conflicting reasons for his discharge decision. (Pltf. Opp. at 17-21.) These arguments are red herrings. Behringer's insistence that she did nothing wrong on February 13th is immaterial to the real question of whether Simpson was motivated by discriminatory animus.[4] *McPherson v. NYC Dep't of Ed.*, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case, however, we are decidedly not interest in the truth of the allegations against plaintiff. We are interested in what "*motivated* the employer."" (internal citation omitted)); *Kolesnikow v. Hudson Valley Hosp. Ctr*, 622 F. Supp.2d 98, 110 (S.D.N.Y. 2009) (rejecting plaintiff's pretext arguments based on the claim that the

---

[4] For this reason, plaintiff's submission of another affidavit from Karen Gerweck, the School's gym teacher, does not create an issue of fact. Ms. Gerweck's May 16, 2010 affidavit does not indicate that the information contained therein was reported to Simpson in February of 2007. Nor for that matter does Ms. Gerweck corroborate plaintiff's reported account that Destiny was "rolling around the gym floor naked from the waist down" or appeared in any way to be receiving a rectal suppository. Finally, Ms. Gerweck makes no claim that Paco was gawking or staring at Destiny.

defendants had "falsely accused her of misconduct or exaggerated her misconduct"; the salient inquiry is not whether the employer reached the correct conclusion).

"[I]t is well settled that the mere fact that an employee disagrees with an employer's evaluation of that employee's misconduct or deficient performance, or even has evidence that the decision was objectively incorrect, does not necessarily demonstrate, by itself, that the employer's proffered reasons are a pretext for termination." *Kalra v. HSBC Bank USA, N.A.* 567 F.Supp.2d 385, 397 (E.D.N.Y. 2008), citing *McLee v. Chrysler Corp.*, 109 F.3d at 135); *Rodriguez v. City of New York*, 2008 WL 420015, at *13 (E.D.N.Y. 2008) (evidence that the employer's termination decision was objectively incorrect or based on a faulty investigation, does not automatically demonstrate, by itself, that the employer's proffered reasons are a pretext). Indeed, as stated by this Court in *Slatky v. Healthfirst, Inc.*, 2003 U.S. Dist. LEXIS 20608, at *5 (S.D.N.Y. Nov. 17, 2003), "[A]n employer may terminate an employee for a good reason, bad reason, or no reason at all, provided such reason is not discriminatory."

Similarly unavailing is plaintiff's argument that her discharge was a pretext for discrimination and retaliation based on Simpson's alleged "inconsistent and post-hoc" explanations for the discharge decision. (Pltf. Opp. at 19-20.) There is no inconsistency or shifting explanation, such as in *Weiss v. JPMorgan Chase & Co.*, 332 Fed. Appx. 659, 662 (2d. Cir. 2009), and one cannot be created by bare assertion. Simpson interviewed plaintiff on February 26th about the February 13th incident. On February 28th, he called her into his office and handed her a discharge notice stating that her "behavior in the work environment is unacceptable for an administrator and a Lavelle School employee." (Def. 56.1 ¶¶ 80-81.) As detailed in Simpson's position statement to the EEOC and at his deposition, the unacceptable behavior triggering plaintiff's employment was that relating to the February 13th incident. (*See* Pltf. Ex. 12 at DEF 00671 annexed to Goldberg Cert. Ex. H; Def. 56.1 ¶ 80.) The affirmative

-8-

averments in the School's May 24, 2007 answer to Behringer's EEOC charge are not contradictory. (*See* Pltf. Ex. 10 annexed to Goldberg Cert. Ex. H.) These averments were posited in direct response to Behringer's allegations that for 17 years of employment, her work performance was "most satisfactory" to the School and that she "demonstrated a documented track record of loyalty, dedication and outstanding job performance." (*See* Pltf. Ex. 9 at DEF 00665 annexed to Goldberg Cert. Ex. H.) As the record evidence makes clear, plaintiff was, at best, a spotty and inconsistent employee between 2001 and 2007 who consistently underperformed vis-à-vis her comparators, Nanry and Tucker, was demoted, and committed all of the infractions affirmatively set forth in Simpson's response to the EEOC charge. (*See* Simpson Reply Affidavit; Def. 56.1 ¶¶ 10, 13, 16, 23-25, 44-49, 58.)

### III. PLAINTIFF HAS FAILED TO DEMONSTRATE ANY GROUNDS FOR THE CONTINUED PROSECUTION OF HER FMLA CLAIMS

Plaintiff's cursory treatment of her FMLA claims is telling of their utter lack of merit. (*See* Pltf. Opp. at 22-23.) Behringer proffers no arguments to support her interference claims. She does not, because she cannot. Plaintiff received all of the intermittent FMLA leave she requested, was not denied any benefits, and was not harassed or discouraged from taking such leave. (*See* Def. Mem. at 20-21.) Her Counterstatement assertions that Simpson was hostile and rude, made her redo assignments and questioned her excessively about days she was out on FMLA (*see* Pltf. Stmt ¶¶ 119-23) are too vague and conclusory to qualify as concrete particulars, and, moreover, fly in the face of Behringer's definitive deposition testimony to the contrary:

> Q: So did Mr. Simpson interfere with your ability to take this leave?
> A: No, he did not.
>
> Q: Did he restrain you in any way from taking it?
> A: No, he did not.
>
> Q: Did he dissuade you from taking it?
> A: No, he did not.

(554.) Under a stronger evidentiary record, the district court in *Di Giovanna v. Beth Israel Medical Center*, 2009 U.S. Dist LEXIS 80990, at * 8-22 (S.D.N.Y. Sept. 8, 2009), dismissed the plaintiff's conclusory assertions of interference with his FMLA rights.

Equally weak is plaintiff's retaliation claim, allegedly triggered by her December 15th memo accusing Simpson of violating her FMLA rights. In order to state such a claim, Behringer needed to demonstrate that she protested or opposed a practice "made *unlawful* by the FMLA." 29 U.S.C. § 2615(a)(2) (emphasis added). This, plaintiff cannot do, because her accusations against Simpson were unfounded and levied in bad faith in order to evade further inquiry.

Contrary to what plaintiff would have this Court believe, Simpson's November 23rd memo was not unlawful and did not demand "an accounting of Plaintiff's activities on a Saturday." (Pltf. 56.1 ¶ 128.) Rather, his memo requested that plaintiff "clarify.. in writing [her] planning in advance to participate in the Annual Conchman Triathlon …during the requested FMLA period" and also requested plaintiff to be "more precise in accounting for the days used for specific care of [her] father and any time spent for other purposes." (*See* Simpson Aff. Ex. H.) Where an employer believes FMLA is being misused, it may make inquiries such as those Simpson made. (*See* Def. Mem. at 21-22.) It was also proper for the School to include holidays in calculating plaintiff's FMLA usage and to request that plaintiff use paid personal days, rather than paid sick days, to cover days she was traveling. *Mellen v. Trustees of Boston Univ.*, 504 F.3d 21, 24-25 (1st Cir. 2007) (where intermittent leave is taken in increments of one week or more, holidays should be counted against the employee's leave entitlement).

Even assuming a *prima face* case of FMLA retaliation, Behringer has not established, and cannot establish, pretext. The record evidence is devoid of any facts to support retaliatory animus on Simpson's part in the 14-month wake between Behringer's December 15, 2005 memo accusing Simpson of violating her FMLA rights and plaintiff's February 28, 2007 discharge. He

NY01/PARKJE/1420708.2

took no disciplinary action against Behringer for refusing to account for her time in November of 2005. He agreed to plaintiff's January 2006 requests for a reevaluation, and, in April of 2006, made good on his agreement, issuing plaintiff a "meets expectations" evaluation and reappointing her for the 2006-07 School year. As set forth above, plaintiff's denials that she engaged in any misconduct on February 13th and bare assertion that her discharge was somehow related to her December 15th memo are woefully insufficient to establish pretext. *O'Reilly v. Consolidated Edison Co. of New York*, 173 Fed. Appx. 20, 22-23 (2d Cir. 2006) (plaintiff discharged for collecting sick pay under false pretenses cannot defeat summary disposition of her FMLA count by claiming that her supervisor lied about the facts and circumstances leading to her discharge); *Sklar v. New York Life Ins. Co.*, 34 Fed. Appx. 403, 405-06 (2d Cir. 2002) (declining to find pretext even in the face of the plaintiff's allegations that his supervisor lied and assaulted him in the absence of any facts linking such behavior to discrimination).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully urge this Court to grant their Motion and award such other and further relief as Your Honor deems just and proper.

Dated: New York, New York
June 14, 2010

KELLEY DRYE & WARREN LLP

By: _____
Jean Y. Park
101 Park Avenue
New York, New York 10178
(212) 808-5019
jpark@kelleydrye.com
Attorneys for Defendants
LAVELLE SCHOOL FOR THE BLIND and FRANK SIMPSON