Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
ELEANOR ("RONNIE") BEHRINGER,                                    :
                                                                 :
                    Plaintiff,                                   :
                                                                 :
        - against -                                              :   **Index No. 1:08-cv-04899-JGK-THK**
                                                                 :
LAVELLE SCHOOL FOR THE BLIND AND                                 :
FRANK SIMPSON,                                                   :
                                                                 :
                    Defendants.                                  :
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW**

**IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ........................................................................ 1

NATURE OF THE CASE .................................................................. 1

STANDARDS FOR MOTIONS IN LIMINE ..................................................... 2

**MOTION NO. 1**

EVIDENCE OF IRRELEVANT AND/OR PREJUDICIAL ALLEGED INCIDENTS INVOLVING PLAINTIFF PRIOR TO NOVEMBER 2005 .............................. 3

A. Evidence of Plaintiff's Alcohol-Related Incidents Are Inadmissable ............... 3

B. Evidence of Plaintiff's Exercise Regimen and Participation in Triathlons is Irrelevant and Inadmissable .......................................................... 3

C. Evidence of Plaintiff's Exercise Regimen and Participation in Triathlons is Unduly Prejudicial, Would Create Confusion and Mislead the Jury ....................... 5

D. Evidence of Plaintiff's Vacations Prior to November 2005 ....................... 6

**MOTION NO. 2**

EVIDENCE OF DEFENDANTS' ALLEGED FMLA COMPLIANCE .................... 6

**MOTION NO. 3**

EVIDENCE OF PLAINTIFF'S EXERCISE REGIMEN AND PARTICIPATION IN TRIATHLONS SUBSEQUENT TO NOVEMBER 2005 .............................. 8

**MOTION NO. 4**

EVIDENCE OF EMPLOYEES WHO DO NOT CLAIM TO BE VICTIMS AND PERFORMANCE EVALUATIONS OF PRINCIPALS NANRY AND TUCKER ........... 8

**MOTION NO. 5**

ANNUAL STAFF HEALTH EVALUATION FORMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**MOTION NO. 6**

TESTIMONY OF ELLEN TRIEF AND ALLISON HALLORAN . . . . . . . . . . . . . . . . . . . . . . 11

**MOTION NO. 7**

TESTIMONY REGARDING COMPLAINTS TO MR. SIMPSON REGARDING PLAINTIFF'S USE OF HER FMLA LEAVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**MOTION NO. 8**

EVIDENCE OF OTHER EMPLOYEE USAGE OF FMLA, OTHER CLAIMS AGAINST DEFENDANTS, AND OTHER TERMINATIONS BY DEFENDANTS . . . . . . . . . . . . . . . . . . 13

**MOTION NO. 9**

EVIDENCE OF TIME CARDS, PUNCTUALITY, AND TELEPHONE RECORDS . . . . . . . . 14

**MOTION NO. 10**

DEFENDANT SIMPSON'S ALLEGED STATUS AS A "CHILD OF ALCOHOLIC PARENTS" AND A "CANCER SURVIVOR" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

**Federal Cases**

Brown v. Henderson, 257 F.3d 246 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

De Los Santos v. City of New York, 482 F. Supp. 2d 346 (S.D.N.Y. 2007) . . . . . . . . . . . . . . 4, 5

Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . 9

Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155 (2d Cir. 1999) . . . . . . . . . . . . 4, 6

Spadola v. New York City Transit Auth., 242 F.Supp.2d 284 (S.D.N.Y. 2003) . . . . . . . . . . . . . 4

Treglia v. Town of Manilus, 313 F.3d 713 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Wimmer v. Suffolk County Police Department, 176 F.3d 125 (2d Cir. 1999), cert. denied, 528 U.S. 964, 120 S. Ct. 398, 145 L. Ed. 2d 310 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Federal Rules**

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 37(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 10

Fed. R. Evid. 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6, 8-15

Fed. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 7-15

Fed. R. Evid. 602. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 11

Fed. R. Evid. 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 9-14

**Federal Regulations**

9 C.F.R. § 825.220(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes**

29 U.S.C. § 2601 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 12101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# INTRODUCTION[1]

Plaintiff, by counsel, respectfully submits this Memorandum of Law in Support of her Motions In Limine to Exclude Certain Evidence, to preclude Defendants from offering at trial evidence that is inadmissible on grounds of irrelevance, unfair prejudice and other grounds.[2]

## NATURE OF THE CASE

This is an action to redress unlawful discrimination, retaliation and discharge, in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 et seq., and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.

Plaintiff was employed by Defendants for about 17 years, from 1990 through her termination in February 2007. She established an outstanding track record of job performance and loyalty. In 2005, Plaintiff asserted her right to take FMLA leave to care for her dying father. When Plaintiff returned from her November 2005 FMLA leave, during which she cared for her father when he resided on Grand Bahama Island, Defendant Simpson challenged Plaintiff's activities during that FMLA leave, including on a Saturday, which is not covered by the FMLA.

Plaintiff believed that Simpson, Plaintiff's supervisor, violated her rights under the

---

[1] Citations herein to "Goldberg Decl." are to the Declaration of Kenneth A. Goldberg dated March 15, 2011 submitted herewith; to "Order" are to the Court's Memorandum Opinion And Order, dated December 17, 2010 (Civil Docket, Document No. 51), attached as Exhibit A to the Goldberg Decl.; to "Def. Summ. Judg. Reply Memo" are to Defendants' Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss and/or for Summary Judgment dated June 14, 2010 (Civil Docket, Document No. 46); to "Def. Rule 56.1 Statement" to Defendants' Rule 56.1 Statement of Material Undisputed Facts filed April 26, 2010 (Civil Docket, Document No. 28); and to "DX ___" is to the specified Defendants' proposed Trial Exhibit identified in the parties' proposed Joint PreTrial Order.

[2] In the parties' proposed Joint PreTrial Order, Plaintiff listed her objections to Defendants' list of proposed trial exhibits. In addition to the specific documents cited in connection with Plaintiff's instant motions, Plaintiff also objects to certain documents on various grounds including among other items, authenticity, relevance, partial documents, hearsay, and other grounds. Such objections are noted in the parties' proposed Joint PreTrial Order. Plaintiff will further detail those objections at such time as may be requested by the Court.

FMLA and complained in writing to Mr. Simpson and verbally to Defendants' counsel. (See Order 6-8). Defendants retaliated against Plaintiff for her complaints, including among other items giving Plaintiff a negative performance evaluation in January 2006 and discharging her in February 2007. (See Order 8-10).

In or about June 2006, Plaintiff disclosed to Defendant Simpson that she is a recovering alcoholic. This is undisputed. Defendant Simpson then harassed Plaintiff in the Summer of 2006, Fall of 2006, Winter of 2006 and January 2007, apparently in an effort to coerce her resignation. When Plaintiff declined to resign, Mr. Simpson unlawfully terminated her in February 2007 based on false accusations of improper behavior. (See Order 10-16).

Defendants unlawfully fired Plaintiff because she (1) exercised her FMLA rights and complained about violations of same, and (2) disclosed that she is a recovering alcoholic.

## STANDARDS FOR MOTIONS IN LIMINE

The Court should grant Plaintiff's motions. Under Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Moreover, under Rule 403 of the Federal Rules of Evidence, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Further, under Rule 37(c) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence [ . . . ] at a trial, unless the failure was substantially justified or is harmless [in addition to or instead of other appropriate sanctions]." Fed. R. Civ. P. 37(c). In addition, under Rule 802 of the Federal Rules of Evidence, "[h]earsay is not admissible" subject to certain exceptions. Fed. R. Evid. 802. Moreover, under Rule 602 of the Federal Rules of Evidence, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

# MOTION NO. 1
# EVIDENCE OF IRRELEVANT AND/OR PREJUDICIAL ALLEGED INCIDENTS INVOLVING PLAINTIFF PRIOR TO NOVEMBER 2005

The Court should exclude evidence of alleged incidents involving Plaintiff prior to November 2005 that are irrelevant to this matter, unfairly prejudicial, confusing and/or misleading to the jury. Plaintiff anticipates that Defendants will offer such "evidence" to embarrass and disparage her to the jury, and to prejudice, confuse and mislead the jury.

A.  **Evidence of Plaintiff's Alcohol-Related Incidents Are Inadmissible**

Plaintiff anticipates that Defendants will seek to introduce into evidence that in the early 1990's Plaintiff (a) had a car accident, was arrested and lost her drivers' licence for a period of time, and (b) fell down a flight of stairs. The incidents did not occur on Defendants' premises or during work hours and occurred many years before decision-maker Defendant Simpson joined Lavelle. The incidents are irrelevant to Plaintiff's discrimination and retaliation claims and should be excluded at trial under Fed. R. Evid. 402 for lack of relevance, under Fed. R. Evid. 403 on the grounds that it would be unduly prejudicial, and on other grounds.

B.  **Evidence of Plaintiff's Exercise Regimen and Participation in Triathlons is Irrelevant and Inadmissable**

Plaintiff anticipates that Defendants will seek to introduce evidence that Plaintiff participated in marathons, biathlons, triathlons, road runs and the like (including on Grand Bahama Island) prior to her protected November 2005 FMLA leave. Defendants created and annexed to their motion for summary judgment an alleged list of such events, although such list is not on their trial exhibit list. (See Goldberg Decl., Exh. C).

Plaintiff anticipates that Defendants will argue that such "evidence" rebuts Plaintiff's proof of engaging in protected activity for purposes of her FMLA retaliation claim. (See Def. Summ. Judg. Reply Memo at 10 (alleging that Plaintiff's FMLA complaint was "levied in bad faith")). To the contrary, such evidence is irrelevant to Plaintiff's proof of her protected activity under the FMLA, is inadmissible, and should be excluded at trial under Fed. R. Evid. 402.

Plaintiff's claim of FMLA retaliation merely requires proof of her reasonable, good faith <u>belief</u> that the underlying challenged actions of Defendants violated the law, not proof of Plaintiff's <u>motivation for opposing</u> the challenged actions. <u>Compare</u> Def. Summ. Judg. Reply Memo at 10 (alleging that Plaintiff's FMLA complaint was "levied in bad faith") (emphasis supplied)) <u>with</u> <u>Sarno v. Douglas Elliman-Gibbons & Ives, Inc.</u>, 183 F. 3d 155, 159 (2d Cir. 1999) ("a plaintiff need not establish that the conduct he opposed was actually a violation of the statute so long as he can establish that he possessed a 'good faith, reasonable <u>belief</u> that the underlying challenged actions of the employer violated th[at] law.' <u>Quinn v. Green Tree Credit Corp.</u>, 159 F.3d 759, 769 (2d Cir.1998) (construing Title VII) (<u>quoting</u> <u>Manoharan v. Columbia University College of Physicians & Surgeons</u>, 842 F.2d 590, 593 (2d Cir.1988).)") (emphasis supplied).  Thus, Defendants' alleged "evidence" is inadmissible.

Specifically, evidence of Plaintiff's travel and exercise regimen does not make more probable or less probable the "good faith" and "reasonable" character of Plaintiff's belief in the unlawfulness of Defendants' conduct that Plaintiff complained of. Fed. R. Evid. 401.  Such evidence is not relevant to Plaintiff's proof of an <u>objective</u> basis of her belief that Defendants had engaged in unlawful conduct. <u>See</u> <u>De Los Santos v. City of New York</u>, 482 F. Supp. 2d 346, 355 (S.D.N.Y. 2007), <u>citing</u> <u>Spadola v. New York City Transit Auth.</u>, 242 F.Supp.2d 284, 291 (S.D.N.Y. 2003) ("the employee's belief that she was opposing an employment practice prohibited by [law] must also be objectively reasonable"). Such evidence does not address even remotely the objective fact that Defendants' action underlying Plaintiff's complaint concerned, among other items, Plaintiff's activities on a non-FMLA day, a Saturday in November 2005. (<u>See</u> Goldberg Decl., Exh. B); <u>see</u> <u>Spadola</u>, 242 F.Supp.2d 284, 291 (an objectively reasonable belief that an employment practice is unlawful is "grounded on sufficient evidence that the employee was the subject of [an unlawful employment practice] at the time the protest to the offending conduct is registered"); <u>compare</u> <u>Wimmer v. Suffolk County Police Department</u>, 176 F.3d 125, 136 (2d Cir. 1999), <u>cert. denied</u>, 528 U.S. 964, 120 S. Ct. 398, 145 L. Ed. 2d 310 (1999) (holding

4

plaintiff could not have "reasonably believed that he was protesting an unlawful" employment practice in violation of Title VII where his complaint did not address discrimination or hostile work environment in the workplace).  Further, such evidence does not make more or less probable Plaintiff's <u>subjective</u> belief that Defendants' conduct was unlawful.  (<u>See, e.g.</u>, Goldberg Decl., Exh. B (Plaintiff states at the time of her protected activity that Defendants' conduct was unlawful)); <u>see</u> <u>De Los Santos</u>, 482 F. Supp. 2d 346, 355-56 (subjectively reasonable and good faith belief that Defendants' conduct unlawful required).  Defendants' anticipated evidence of Plaintiff's alleged motivation for complaining is irrelevant to proof of the good faith and reasonableness of Plaintiff's belief in the unlawfulness of Defendants' conduct and is therefore inadmissible. The law requires that Plaintiff prove <u>only</u> that she had a good faith, reasonable <u>belief</u> that Defendants violated the law, and Plaintiff can and will prove same at trial.

 **C.** **Evidence of Plaintiff's Exercise Regimen and Participation in Triathlons is Unduly Prejudicial, Would Create Confusion and Mislead the Jury**

  Evidence of Plaintiff's travel and exercise regimen prior to her protected November 2005 FMLA leave is also inadmissible because it has no probative value and its admission will create unfair prejudice, confusion of issues and mislead the jury.  Fed. R. Evid. 403. Such evidence would prevent the jury from properly weighing the evidence of Plaintiff's belief as to unlawfulness of Defendants' conduct by causing the jury to improperly consider (a) Plaintiff's lawful use of non-FMLA time, and (b) Defendants' alleged motive for questioning and challenging Plaintiff's lawful use of non-FMLA time.  (<u>See</u> Goldberg Decl., Exhs. B, C).

  Moreover, allowing such evidence would likely cause the jury to improperly consider and mix Plaintiff's ability to exercise and general health in connection with Plaintiff's claim of disability discrimination and discharge, which separate claim arises from her status as a "recovering alcoholic."

  Further, such evidence will further create unfair prejudice and will likely smear and disparage Plaintiff's character because she cared for her dying father under the FMLA on Grand Bahama Island, where he then resided—and where she coincidentally also participated in a

5

triathlon (for less than two hours) on a Saturday, a non-FMLA day. (See, e.g., Order at 6-8).

D. **Evidence of Plaintiff's Vacations Prior to November 2005**

Plaintiff also anticipates that Defendants will seek to introduce evidence that Plaintiff requested and took vacation time during the months of October/November in years prior to 2005, to argue or imply that Plaintiff intentionally scheduled her FMLA leave in November 2005 to coincide with the annual Conchman Triathlon on Grand Bahama Island. Such evidence should be excluded for the same reasons applicable to evidence of Plaintiff's travel and exercise regimen prior to November 2005, all of which is inadmissible. See Points B and C (above).

Accordingly, Defendants' anticipated evidence of Plaintiff's automobile accident and fall, Plaintiff's prior travel and exercise regimen, and Plaintiff's prior vacation time and requests therefor, as described above, are inadmissable and Plaintiff's motion in limine should be granted.

## MOTION NO. 2
## EVIDENCE OF DEFENDANTS' ALLEGED FMLA COMPLIANCE

Plaintiff anticipates that Defendants will seek to argue at trial that Mr. Simpson did not violate the FMLA when he questioned Plaintiff's activities during her protected November 2005 FMLA leave, and Plaintiff anticipates that Defendants will seek to offer into evidence testimony or documents supporting that argument. (See Def. Summ. Judg. Reply Memo at 10 (alleging that Plaintiffs FMLA complaint was "unfounded")). For example, Defendants have listed as a proposed Trial Exhibit the purported results of the November 2005 triathlon, which identifies Plaintiff as a participant. (Defendants' Trial Exhibit DX R). The Court should exclude any such testimony or documents because they are not relevant to Plaintiff's FMLA retaliation claim. Fed. R. Evid. 402. It is irrelevant whether Defendants' questioning of Plaintiff regarding her 2005 FMLA leave actually violated FMLA or FMLA regulations. What is relevant are two issues.

The first relevant issue is whether, in connection with a determination as to Defendants' liability, Plaintiff engaged in a protected activity—that is, did she have a good faith, reasonable belief that Defendants' conduct was unlawful under the FMLA or FMLA regulations. See Sarno,

6

183 F.3d 155, 159 (holding that a plaintiff may prevail on a retaliation claim when the underlying conduct complained of was not unlawful "so long as he can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law") (internal quotation marks omitted); see also Order at 28, citing 9 C.F.R. § 825.220(e) and Treglia v. Town of Manilus, 313 F.3d 713, 719 (2d Cir. 2002).

The second relevant issue is whether, for purposes of determining liquidated damages, Defendants' retaliation as a result of Plaintiff's protected complaints "was in good faith and that the employer had reasonable grounds for believing that" the retaliation "was not a violation of" Section 105 of the FMLA, 29 U.S.C. § 2615.  See 29 U.S.C. § 2617(a)(1)(A)(i)(iii).

Neither relevant issue is addressed by such testimony or documents, including Defendant's proposed Trial Exhibit DX R, which should be excluded.

There is no reason to have a mini-litigation regarding irrelevant events and whether Mr. Simpson's questioning of Plaintiff about her activities during her protected FMLA leave was intended to or actually did violate the FMLA or FMLA regulations.  Defendants admit Plaintiff was entitled to take FMLA leave to care for her dying father and cannot dispute the validity of Plaintiff's FMLA leave at trial, and Defendant Simpson admits that there was nothing improper with Plaintiff participating in a triathlon during the period of her November 2005 FMLA leave. (See, e.g., Order at 6-8, 37-38 (rejecting Defendants' argument that Plaintiff must prove unlawfulness of Defendants' conduct underlying Plaintiff's complaint); see Goldberg Decl., Exh. E [FS Dep. Tr. 101] (Simpson admission)).

Further, such evidence is also inadmissible because it has no probative value and its admission will create unfair prejudice, confusion of issues and mislead the jury, for the reasons set forth in Points C and D in the discussion of Plaintiff's Motion No. 1, above. Fed. R. Evid. 403.

In addition, Defendants proposed Trial Exhibit showing the purported results of the November 2005 triathlon, which identifies Plaintiff as a participant (Defendants' Trial Exhibit

DX R), should be excluded on additional grounds under Fed. R. Evid. 802.

For the foregoing reasons, Plaintiff's motion in limine should be granted.

## MOTION NO. 3

## EVIDENCE OF PLAINTIFF'S EXERCISE REGIMEN AND PARTICIPATION IN TRIATHLONS SUBSEQUENT TO NOVEMBER 2005

Plaintiff also anticipates that Defendants will seek to introduce evidence that Plaintiff participated in competitive and non-competitive road runs, marathons, biathlons, triathlons and the like subsequent to her protected 2005 FMLA leave. Plaintiff anticipates that Defendants will argue that such evidence rebuts Plaintiff's proof of engaging in a protected activity in 2005 for purposes of her FMLA claim. (See Def. Summ. Judg. Reply Memo at 10 (alleging that Plaintiff's FMLA complaint was "levied in bad faith")). Clearly, evidence of Plaintiff's participation in road runs, etc. subsequent to November 2005 is inadmissible for the reasons set forth in Point C and D in the discussion of Plaintiff's Motion No. 1, above. Plaintiff's motion in limine should be granted.

## MOTION NO. 4

## EVIDENCE OF EMPLOYEES WHO DO NOT CLAIM TO BE VICTIMS AND PERFORMANCE EVALUATIONS OF PRINCIPALS NANRY AND TUCKER

Defendants have listed as trial witnesses Mr. Simpson's other direct reports, Lorrie Nanry and Diane Tucker (the two other principal teachers at Defendant Lavelle School for the Blind). The testimony of Ms. Nanry and Ms. Tucker should be limited to the relevant issues to be tried and Plaintiff anticipates raising various objections during trial to the extent Defendants seek to introduce evidence from Ms. Nanry and Ms. Tucker (as well as other witnesses for Defendants) that is inadmissible under Fed. R. Evid. 402, 403, 802 and other grounds. This motion addresses several threshold issues for the Court's consideration.

First, the Court should preclude Ms. Nanry and Ms. Tucker from giving testimony about Plaintiff's job performance and/or conduct. Plaintiff anticipates that Defendants will seek to

have Ms. Nanry and Ms. Tucker opine on Plaintiff's job performance and/or conduct. Plaintiff did not report to Ms. Nanry or Ms. Tucker and they were not decision-makers on the termination of Plaintiff's employment. The Court should issue an order precluding Ms. Nanry and Ms. Tucker from testifying about Plaintiff's job performance and/or conduct because their opinion, if any, is irrelevant and did not play a role in the termination. Fed. R. Evid. 402, 403, 602, 802.

Second, the Court should preclude Ms. Nanry and Mr. Tucker from testifying that they do not believe that Mr. Simpson engaged in any improper conduct towards them or Plaintiff. Plaintiff anticipates that Defendants will offer such testimony to defend Plaintiff's claims of Mr. Simpson's discrimination and retaliation against Plaintiff. Any such "Nanry/Tucker evidence" is irrelevant and inadmissible because Ms. Nanry and Ms. Tucker are not in Plaintiff's class, as neither of them took FMLA leave or disclosed a disability to Defendant Lavelle. (Pl. Rule 56.1 Statement ¶ 178). Even if Ms. Nanry or Ms. Tucker were in the protected class, any evidence that they are not victims would be inadmissible because it is irrelevant. Fed. R. Evid. 402. Such irrelevant evidence would also be unduly prejudicial, cause confusion and mislead the jury. Fed. R. Evid. 403. Indeed, the proper issue before the jury in this matter is whether Mr. Simpson violated Plaintiff's rights because she opposed what she reasonably and in good faith believed was Defendants' violation of her FMLA rights and/or because she disclosed that she is a recovering alcoholic. See, e.g., Brown v. Henderson, 257 F.3d 246, 253-54 (2d Cir. 2001) (in a discrimination case, the focus is how the employer would have treated the plaintiff had the plaintiff been in a different class); see also Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 321 (3d Cir. 2000) ("An employer does not have to discriminate against all members of a class to illegally discriminate against a given member of that class"). The Court should grant Plaintiff's motion and make inadmissible Defendants' evidence that Ms. Nanry and Ms. Tucker do not believe (and have not alleged) that Mr. Simpson engaged in any improper conduct.

Third, the Court should preclude Defendants from introducing into evidence performance evaluations and reappointment letters of Ms. Nanry and Ms. Tucker. Plaintiff anticipates that

Defendants will seek to offer into evidence the performance evaluations (and reappointment letters) of Ms. Nanry and Ms. Tucker to compare those evaluations to Plaintiff's evaluations and to argue that Plaintiff's evaluations contained criticisms of Plaintiff's job performance. Defendants have listed such Nanry/Tucker documents in their proposed Trial Exhibits (Defendants' Trial Exhibits DX LL through DX QQ). The Court should exclude from evidence the evaluations of Ms. Nanry and Ms. Tucker (and their reappointment letters), documents listed by Defendants as proposed Trial Exhibits, under Fed. R. Evid. 402, 403, 802 and on other grounds. The evaluations of Ms. Nanry and Ms. Tucker (and their reappointment letters) are not evidence as to Plaintiff's job performance or the content of performance evaluations given to her.

Accordingly, Defendants' anticipated offer of evidence should be precluded, Ms. Nanry's and Ms. Tucker's testimony should be limited and Plaintiff's motion in limine should be granted.

## MOTION NO. 5

### ANNUAL STAFF HEALTH EVALUATION FORMS

Plaintiff anticipates that Defendants may seek to offer evidence at trial that Plaintiff submitted Annual Staff Health Evaluation Forms to Defendants that did not reference Plaintiff's status as a recovering alcoholic. Defendants listed such documents in their proposed Trial Exhibits. (Defendants' Trial Exhibit DX KK). The Court should exclude such evidence.

The issue in this case is whether Mr. Simpson took adverse action against Plaintiff after she advised him in June 2006 that she is a recovering alcoholic, a disclosure admitted by Mr. Simpson. (See, e.g., Order at 10). Based on Mr. Simpson's deposition testimony, the Annual Staff Health Evaluation Forms are irrelevant to this issue. According to Mr. Simpson, he was unaware of the substantive information in those forms when Plaintiff reported to him and did not learn anything about her medical condition from those forms. (Goldberg Decl., Exh. E [FS Dep. Tr. 57-8]). Therefore, such forms are irrelevant to Plaintiff's 2006 disclosure, which disclosure is admitted by Defendants, and those forms are not relevant to the issue of whether Defendants took adverse action against Plaintiff because of her 2006 disclosure to Mr. Simpson that she is a

10

recovering alcoholic. Fed. R. Evid. 401, 402.

To the extent Defendants somehow argue that such forms are relevant to whether Plaintiff was actually a recovering alcoholic, that issue may be addressed by the offer of other evidence, including (1) Plaintiff's medical records from 1993 when she was hospitalized for, among other items, alcoholism; (2) Plaintiff's disability benefits forms from 1993 which reference alcoholism; (3) Plaintiff's testimony; and (4) testimony of witnesses that knew that Plaintiff was hospitalized in 1993 for alcoholism and is a recovering alcoholic. The forms are inadmissible. Fed. R. Evid. 403.

Accordingly, Defendants' anticipated offer of evidence should be precluded and Plaintiff's motion in limine should be granted.

## MOTION NO. 6

## TESTIMONY OF ELLEN TRIEF AND ALLISON HALLORAN

The Court should exclude Defendants' witnesses Ellen Trief and Allison Halloran from testifying at trial. Defendants did not identify Ms. Trief and Ms. Halloran as witnesses in their interrogatory responses. (See Goldberg Decl., Exh. D). Thus, Defendants are barred from calling Ms. Trief and Ms. Halloran to testify at trial. Fed. R. Civ. P. 26, 33, 37. Defendants' anticipated offer of evidence should be precluded and Plaintiff's motion in limine should be granted.

Moreover, regarding Ms. Trief, based upon Defendants' Rule 56.1 Statement on their motion for summary judgment, Defendants intend to have Ms. Trief testify that in 2005 she served as a consultant to Defendant Lavelle and told Mr. Simpson that "Behringer was not committed to implementing the 'universal tangible cues' program." (See Def. Rule 56.1 Statement ¶ 49). Should the Court deny this Plaintiff's Motion No. 6 as to Ms. Trief's testimony on the basis of Ms. Trief not having been identified by Defendants in their response to Plaintiff's interrogatories, the Court should rule that Ms. Trief's testimony is inadmissible hearsay and is also irrelevant to the issues to be tried. Fed. R. Evid. 402, 403, 602, 802.

Furthermore, regarding Ms. Halloran, she was employed at Defendant Lavelle as

Assistant to the Comptroller.  Plaintiff anticipates that Defendants may call her to testify regarding dates of Plaintiff's FMLA leave and administration of that leave.  It is undisputed that in 2005 Plaintiff exercised her legal right to take FMLA leave and the dates of Plaintiff's FMLA leave are set forth in documents that the parties have listed as proposed Trial Exhibits.  There is no basis to have Ms. Halloran testify regarding same.  Fed. R. Evid. 402, 403.

Finally, Plaintiff did not report to Ms. Trief or Ms. Halloran and they were not decision-makers regarding the termination of Plaintiff's employment.  Fed. R. Evid. 402, 403.

Accordingly, Defendants' anticipated offer of evidence should be precluded and Plaintiff's motion in limine should be granted.  Fed. R. Evid. 402, 403.

## MOTION NO. 7
## TESTIMONY REGARDING COMPLAINTS TO MR. SIMPSON REGARDING PLAINTIFF'S USE OF HER FMLA LEAVE

Plaintiff moves to preclude Defendants from offering into evidence testimony by <u>any</u> witness (including without limitation Mr. Simpson, Ms. Nanry, Ms. Tucker and Teresa Welsh) that during Plaintiff's November 2005 FMLA leave, complaints were made about Plaintiff's use of such FMLA leave.  Such complaints, if any, are not probative as to whether Plaintiff had a good faith, reasonable belief of an FMLA violation when she made her internal complaint.  Such testimony is inadmissible for the reasons set forth in the discussion of Plaintiff's Motions Nos. 1 through 3 above regarding evidence as to Plaintiff's FMLA claim.

In addition, Plaintiff moves to preclude Defendants from calling Teresa Welsh (Comptroller, Lavelle) to testify at trial.  Based upon Defendants' Rule 56.1 Statement on their motion for summary judgment, Plaintiff anticipates that Defendants will call Ms. Welsh to testify that Mr. Simpson received complaints about Plaintiff's use of FMLA leave during her November 2005 FMLA leave. (<u>See</u> Def. Rule 56.1 Statement ¶ 36).  Such testimony is inadmissible.  In addition, Plaintiff did not report to Ms. Welsh and she was not a decision-maker regarding the termination of Plaintiff's employment.  Fed. R. Evid. 402, 403, 802.

Accordingly, Defendants' anticipated offer of evidence should be precluded and Plaintiff's motion in limine should be granted. Fed. R. Evid. 402, 403, 802.

## MOTION NO. 8
## EVIDENCE OF OTHER EMPLOYEE USAGE OF FMLA, OTHER CLAIMS AGAINST DEFENDANTS, AND OTHER TERMINATIONS BY DEFENDANTS

Plaintiff anticipates that Defendants may seek to introduce evidence at trial that one or more other Lavelle employees took FMLA leave and did not suffer adverse employment actions. Defendants raised such allegations in their motion for summary judgment. (Civil Docket Document No. 23, at ¶ 72-73). Any such evidence should be excluded because another employee's usage of FMLA leave is not a defense to Plaintiff's claims, is irrelevant and is not probative of whether Defendants violated Plaintiff s rights. Fed. R. Evid. 402, 403.

In addition, Plaintiff anticipates that Defendants may seek to introduce evidence at trial that other employees filed claims against Defendants alleging discrimination or violation of FMLA, and that such claims were unsuccessful. Any such evidence should be excluded because the denial of another employee's claim is not a defense to Plaintiff's claims, is irrelevant and is not probative of whether Defendants violated Plaintiff s rights. Fed. R. Evid. 402, 403.

Plaintiff also anticipates that Defendants may seek to introduce evidence at trial that Mr. Simpson (or other Lavelle personnel) terminated other employees. Defendants raised such allegations in their motion for summary judgment. (Civil Docket Document No. 23, at ¶ 8, 92-93). Any such evidence should be excluded as the termination of another employee is not a defense to Plaintiff's claims, is irrelevant and is not probative of whether Defendants violated Plaintiff's rights. Fed. R. Evid. 402, 403.

There is no need for mini-trials on irrelevant issues.

Accordingly, Defendants' anticipated offer of evidence should be precluded and Plaintiff's motion in limine should be granted.

**MOTION NO. 9**

**EVIDENCE OF TIME CARDS, PUNCTUALITY, AND TELEPHONE RECORDS**

      Plaintiff anticipates that Defendants will seek to introduce evidence that Plaintiff sometimes failed to swipe in or out at work, was late, made personal telephone calls and was the subject of a 2001 complaint.  Defendants have proposed as Trial Exhibits time card and telephone records (Defendants' Trial Exhibits DX P, DX II and DX JJ), a 2002 memorandum regarding a lateness notice (Defendants' Trial Exhibit DX F), and Defendants raised an alleged 2001 complaint about Ms. Behringer in Defendants' motion for summary judgment.  (Civil Docket Document No. 23, at ¶ 16).  The evidence is irrelevant to Plaintiff's discrimination and retaliation claims and should be excluded at trial under Fed. R. Evid. 402 for lack of relevance, under Fed. R. Evid. 403 on the grounds that it would be unduly prejudicial, under Fed. R. Evid. 802 as hearsay, and on other grounds.

      At this juncture, Defendants do not allege that Plaintiff was terminated for failing to swipe in or out, for being late, for making personal telephone calls, or because of any complaint about Ms. Behringer prior to 2007.  Thus, such records and alleged evidence are inadmissible.  Such records are also inadmissible because they would be unduly prejudicial and would confuse the jury at trial with irrelevant and distracting issues in voluminous documents.

      The telephone records, time records, 2002 memorandum and alleged 2001 complaint are also irrelevant because Mr. Simpson testified that Plaintiff was in good standing and her job was not in jeopardy on dates in 2006 subsequent to those records.  (Goldberg Decl., Exh E [FS Dep. Tr. 38, 153-4, 166-7, 169, 171]).  Moreover, Mr. Simpson admits Plaintiff paid for the telephone calls.  (Goldberg Decl., Exh. E [FS Dep. Tr. 113-4]).

      Accordingly, Defendants' anticipated offer of evidence should be precluded and Plaintiff's motion in limine should be granted.  Fed. R. Evid. 402, 403.

## MOTION NO. 10

### DEFENDANT SIMPSON'S ALLEGED STATUS AS A "CHILD OF ALCOHOLIC PARENTS" AND A "CANCER SURVIVOR"

Plaintiff anticipates that Defendants will have Defendant Simpson testify in sum and substance that "I am a cancer survivor." Defendants raised such allegations in their motion for summary judgment. (Civil Docket Document No. 23, at ¶ 94). Any such evidence should be excluded because whether or not Defendant Simpson was afflicted with cancer is not a defense to Plaintiff's claims, is irrelevant and is not probative of whether Defendants violated Plaintiff's rights and is unduly prejudicial. Fed. R. Evid. 402, 403.

Plaintiff anticipates that Defendants will have Defendant Simpson testify in sum and substance that "I, myself, am a child of alcoholic parents and have also worked extensively with alcoholics." Defendants raised such allegations in their motion for summary judgment. (Civil Docket Document No. 23, at ¶ 23). Any such evidence should be excluded because whether or not Defendant Simpson knows other alcoholics and worked with them is not a defense to Plaintiff's claims, is irrelevant and is not probative of whether Defendants violated Plaintiff's rights and is unduly prejudicial. Fed. R. Evid. 402, 403.

Plaintiff anticipates raising other objections to Defendant Simpson's trial testimony. Plaintiff's motion in limine should be granted.

### CONCLUSION

The Court should grant Plaintiff's motion and exclude Defendants' anticipated offers of evidence, including without limitation Defendants' exhibits identified in the parties' proposed joint pre-trial order as Exhibits DX F, DX JJ, DX KK, DX LL through DX QQ, DX R and DX II and other noted objections. Plaintiff reserves the right to raise further evidentiary issues at trial, including without limitation any and all objections raised by Plaintiff to Defendants' list of witnesses and exhibits as detailed in the parties' proposed joint pre-trial order submitted to the

Court on March 15, 2011.  Plaintiff will address such additional objections at the appropriate time.   Plaintiff looks forward to the trial of this matter.

Dated:  March 15, 2011
       New York, New York

            Respectfully submitted,

            GOLDBERG & FLIEGEL LLP
            By: /s/ Kenneth A. Goldberg
            Kenneth A. Goldberg (KG0295)
            60 East 42nd Street #3421
            New York, New York 10165
            Attorneys For Plaintiff