Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ELEANOR ("RONNIE") BEHRINGER,  :
                                   :
               Plaintiff,     :
                                   :
       - against -        :      **Index No. 1:08-cv-04899-JGK-THK**
                                   :
LAVELLE SCHOOL FOR THE BLIND AND  :
FRANK SIMPSON,  :
                                   :
             Defendants.   :
                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>MEMORANDUM OF LAW</u>

<u>IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION *IN LIMINE* TO EXCLUDE</u>

<u>PROPOSED EXHIBITS AND WITNESSES</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT ONE

STANDARDS FOR MOTIONS IN LIMINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT TWO

DEFENDANT SIMPSON'S COMMUNICATIONS WITH ATTORNEY D'ANDREA IS

RELEVANT AND PROBATIVE AND ANY PRIVILEGE WAS WAIVED . . . . . . . . . . . . . . 3

A.       Defendants' Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.       Scope Of Testimony To Be Elicited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C.       The Testimony Is Relevant To This Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

D.       Any Alleged Privilege Was Waived . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT THREE

THE TESTIMONY OF SRS. BAXTER AND HEALY, ROBERT CERPA, PH.D AND

WARREN SAYRE REBUTS DEFENDANTS' ARGUMENTS AND IS ADMISSIBLE . . . . . . 8

A.       Srs. Louis Marie Baxter And Angelus Healy . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B.       Robert Cerpa, Ph.D. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

C.       Warren Sayre . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT FOUR

EVIDENCE REGARDING MS. BEHRINGER'S FATHER IS ADMISSIBLE . . . . . . . . . . . 10

POINT FIVE

EVIDENCE OF MS. BEHRINGER'S PERFORMANCE AND CREDENTIALS IS

ADMISSIBLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

i

POINT SIX

EVIDENCE OF DEFENDANT SIMPSON'S ALCOHOLISM . . . . . . . . . . . . . . . . . . . . . . . . . . 13

POINT SEVEN

SILVER HILL MEDICAL RECORDS ARE ADMISSIBLE . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

Brown v. Nutrition Mgmt. Servs. Co., No. 06-2034, 2009 WL 281118 (E.D.Pa. Jan. 21, 2009),

affirmed in part, reversed in part and remanded, 370 Fed.Appx. 267 (3d Cir. 2010) . . 5, 6

Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

E.E.O.C. v. Kidder, Peabody & Co., Inc., No. 92-cv-9243, 1993 WL 287628  (S.D.N.Y. Jul. 27,

1993) (Freeh, J.), recons. denied, 1993 WL 339279 (S.D.N.Y. Aug. 27, 1993)   . . . . . . . 7

Gordon v. New York City Bd. of Educ., 232 F.3d 111 (2d Cir. 2000)  . . . . . . . . . . . . . . . . . . . . . 5

Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty., 252 F.3d 545 (2d  Cir.2001)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Kinneary v. City of New York, 601 F.3d 151 (2d Cir. 2010)  . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Spadola v. New York City Transit Auth., 242 F.Supp.2d 284 (S.D.N.Y. 2003) . . . . . . . . . . . . 10

**Statutes**

29 U.S.C. § 2601 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. § 2617 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

42 U.S.C. § 12101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 12112(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

42 U.S.C. § 12117 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Evid. 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

N.Y. Exec. L. § 290 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

N.Y.C. Admin. Code § 8-101  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Federal Rules**

Fed. R. Evid. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8, 11

Fed. R. Evid. 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8, 11, 14

Fed. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

Fed. R. Evid. 602 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Fed. R. Evid. 607 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 608 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 611 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## INTRODUCTION[1]

Plaintiff, by counsel, respectfully submits this Memorandum of Law in Opposition to Defendants' Omnibus Motion *in Limine* To Exclude Proposed Exhibits and Witnesses. Defendants' motion is baseless and should be denied.

## NATURE OF THE CASE

This is an action to redress unlawful discrimination, retaliation and discharge, in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 et seq., and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.

Plaintiff was employed by Defendants for about 17 years, from 1990 through her termination in February 2007. She established an outstanding track record of job performance and loyalty. In 2005, Plaintiff asserted her right to take FMLA leave to care for her dying father. When Plaintiff returned from her November 2005 FMLA leave, during which she cared for her father when he resided on Grand Bahama Island, Defendant Simpson challenged Plaintiff's activities during that FMLA leave, including on a Saturday, which is not covered by the FMLA.

Plaintiff believed that Simpson, Plaintiff's supervisor, violated her rights under the FMLA and complained in writing to  Simpson and verbally to Defendants' counsel. (See Order 6-8). Defendants retaliated against Plaintiff for her complaints, including among other items

---

[1]Citations to"Def. Br." are to the Memorandum of Law in Support of Defendants' Omnibus Motion *in Limine* To Exclude Proposed Exhibits and Witnesses filed March 15, 2011 (Civil Docket, Document No. 65); to "Goldberg Decl." are to the Declaration of Kenneth A. Goldberg dated March 28, 2011 filed in opposition to Defendants' motion; to "Behringer Aff." are to the Affidavit of Eleanor Behringer dated March 24, 2011 filed in opposition to Defendants' motion; to "Def. Memo in Opp. to Pl. Motion" are to the Memorandum of Law in Opposition to Plaintiff's Motion in Limine filed March 23, 2011 (Civil Docket, Document No. 75); to "Pl. Proposed Tr. Exh. ___" and "Def. Proposed Tr. Exh. ___" are to the relevant proposed Trial Exhibit as set forth in the parties' proposed Joint Pre-Trial Order filed March 15, 2011 (Civil Docket, Document No. 66); to the "Compl." are to Plaintiff's Complaint in this matter; and to "Order" are to the Court's Memorandum Opinion And Order, dated December 17, 2010 (Civil Docket, Document No. 51).

giving Plaintiff a negative performance evaluation in January 2006. (See Order 8-10).

In or about June 2006, Plaintiff disclosed to Defendant Simpson that she is a recovering alcoholic.  This is undisputed.  Defendant Simpson then harassed Plaintiff in the Summer of 2006, Fall of 2006, Winter of 2006 and January 2007, apparently in an effort to coerce her resignation.  When Plaintiff declined to resign,  Simpson unlawfully terminated her in February 2007 based on false accusations of improper behavior. (See Order 10-16).

Defendants unlawfully fired Plaintiff because she (1) exercised her FMLA rights and complained about violations of same, and (2) disclosed that she is a recovering alcoholic.

## ARGUMENT

### POINT ONE

### STANDARDS FOR MOTIONS IN LIMINE

The Court should deny Defendants' motions.  The evidence in question is relevant and admissible.  Under the Federal Rules of Evidence, "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401. In addition, under the Federal Rules of Evidence, all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Accordingly, evidence which is not relevant is not admissible.  Fed. R. Evid. 402. Plaintiff is entitled to offer evidence to attack the credibility of Defendants' witnesses.  Fed. R. Evid. 607 ("The credibility of a witness may be attacked by any party . . . ."); Fed. R. Evid. 608(a) ("The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation...."); Fed. R. Evid. 608(b) (specific instances of the conduct of a witness can, "if probative or truthfulness or untruthfulness, be inquired into on cross-examination of the witness"); Fed. R. Evid. 611 ("Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness"). Here, Defendants seek

2

to preclude evidence that undermines the credibility of their witnesses.  The evidence is admissible and Defendants' motion should be denied.

**POINT TWO**

**DEFENDANT SIMPSON'S COMMUNICATIONS WITH ATTORNEY D'ANDREA IS RELEVANT AND PROBATIVE AND ANY PRIVILEGE WAS WAIVED**

**A.** **Defendants' Arguments**

Defendants move to preclude documents relating to, and to limit the scope of testimony of, Vincent D'Andrea, Esq., a witness that served as Lavelle's outside counsel for a period of time.  (Def. Br. 2).  Specifically, Defendants seek to preclude evidence of relevant communications between Mr. D'Andrea and Defendant Simpson, on grounds of alleged attorney-client privilege. (Def. Br. 3-4).  Defendants do not object to Mr. D'Andrea testifying about (1) Plaintiff's December 21, 2005 protected complaint about violations of her FMLA rights; and (2) Plaintiff's June 23, 2006 disclosure to Defendant Simpson and Mr. D'Andrea that she is a recovering alcoholic.  (Def. Br. 2-3).

As discussed below, the Court should deny Defendants' motion because there are additional non-privileged matters about which Mr. D'Andrea should be allowed to testify and Defendants, through their repeated intentional actions, have waived any alleged privilege.

**B.** **Scope Of Testimony To Be Elicited**

At trial, Plaintiff intends to elicit, among other items, the following testimony from Mr. D'Andrea (and/or Defendant Simpson).

First, Defendant Simpson alleges that he forwarded to Mr. D'Andrea a copy of Plaintiff's December 15, 2005 written complaint about violations of her FMLA rights.  (Goldberg Decl., Exh. E [FS Dep. 103-6]).  As discussed below, such testimony is relevant and not covered by any "privilege."

Second, based on Mr. D'Andrea's time records, Mr. D'Andrea discussed Plaintiff's December 15, 2005 complaint with Defendant Simpson on or about December 17, 2005

3

(Goldberg Decl., Exhs. E and G [FS Dep. 216-9; Pl. Proposed Tr. Exh. 41]).  As discussed below, such testimony is relevant and not covered by any "privilege."

Third, on or about December 21, 2005, Ms. Behringer complained to Mr. D'Andrea that Defendant Simpson was "fucking with my FMLA days and I have a labor lawyer."  (Goldberg Decl., Exhs. D, E and F [VD Dep. 24-7; FS. Dep. 106-8; Pl. Proposed Tr. Exh. 40]).  Defendants do not object to such testimony (Def. Br. 2-3).

Fourth, Mr. D'Andrea reported Plaintiff's verbal complaint of December 21, 2005 to Defendant Simpson.  Defendants did not investigate or take any remedial action regarding Plaintiff's FMLA complaints and no one got back to Ms. Behringer about her protected complaints. (Goldberg Decl., Exhs. D and E [VD Dep. 27-8, 32-3; FS Dep. 107-8, 110-12]). As discussed below, such testimony is relevant and not covered by any "privilege."

Fifth, on or about January 7, 2006, Defendant Simpson and Lavelle's attorney, Mr. D'Andrea, discussed Ms. Behringer, as shown by Mr. D'Andrea's attorney time sheets. (Goldberg Decl., Exhs. C, D and G [RB Dep. 464-5; VD Dep. 50, 53-4; Pl. Proposed Tr. Exh. 41 at Bates Number DEF 01051]).  As discussed below, such testimony is relevant and not covered by any "privilege."

Sixth, according to Mr. D'Andrea, he knew Plaintiff since she was a Principal at Lavelle and "found no fault in her performance."  (Goldberg Decl., Exh. D [VD Dep. 16]).  Mr. D'Andrea also said "I thought Behringer did a good job."  (Goldberg Decl., Exh. D [VD Dep. 33]).  As discussed below, such testimony is relevant and not covered by any "privilege."

Seventh, according to Defendants, Plaintiff attended the June 23, 2006 hearing in the Duffy arbitration. (Goldberg Decl., Exh. D [VD Dep. 8-9]).  When Plaintiff attended the Duffy arbitration, she told Mr. D'Andrea and Defendant Simpson that she is a recovering alcoholic and a member of Alcoholics Anonymous.  (Compl. ¶ 40; Goldberg Decl., Exhs. C, D, E [RB Dep. 480; VD Dep. 57-60; FS Dep. 156-7, 160]).  Defendants do not object to this testimony.

Eighth, Defendants did not fire Plaintiff in consultation with counsel.  In fact, Mr.

D'Andrea only learned of the termination after the fact. (Goldberg Decl., Exh. D [VD Dep. 63]). As discussed below, such testimony is relevant and not covered by any "privilege."

Ninth, Mr. D'Andrea represented Lavelle during the course of the EEOC proceedings involving Plaintiff's EEOC Charge, with respect to the submissions made to EEOC, and with respect to EEOC's face-to-face interviews of Defendants' witnesses Lorrie Nanry and Diane Tucker when these witnesses made statements supporting Plaintiff's claims as documented by EEOC.  (Goldberg Decl., Exhs. D, I and J [VD Dep. 38-42;  Pl. Proposed Tr. Exhs. 63 and 64]). As discussed below, such testimony is relevant and not covered by any "privilege."

**C.      The Testimony Is Relevant To This Case**

The above anticipated testimony of Mr. D'Andrea is relevant to this matter and admissible. Fed. R. Evid. 401, 402.

First, the testimony is relevant to establish Defendants' knowledge of Plaintiff's December 15, 2005 and December 21, 2005 protected complaints about FMLA violations.  See, e.g., Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000), citing Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993) (proof of corporate notice of protected activity required).

Second, the testimony is relevant to establish that in January 2006, Plaintiff received a negative performance evaluation, the first in her entire 17-year Lavelle career, shortly after her protected complaints in December 2005 about violations of her FMLA rights.  See, e.g., Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty., 252 F.3d 545, 554 (2d Cir. 2001) (plaintiff claiming retaliation can establish causation by showing protected activity was closely followed in time by adverse employment action).

Third, the testimony is relevant to establish Defendant Simpson's consultations with Mr. D'Andrea and Defendant Simpson's decision to purportedly "revoke" the January 2006 negative performance evaluation, and give Plaintiff an improved evaluation in April 2006, in the aftermath of those consultations.  Id.; see also, e.g., Brown v. Nutrition Mgmt. Servs. Co., No.

5

06-2034, 2009 WL 281118 at *3 (E.D.Pa. Jan. 21, 2009), <u>affirmed in part, reversed in part and remanded</u>, 370 Fed.Appx. 267, 271-2 (3d Cir. 2010) (where employer takes adverse action against employee in violation of FMLA without taking affirmative steps to determine applicable law, employer has not demonstrated "good faith" for purposes of determining FMLA liquidated damages).

Fourth, the testimony is relevant to establish Plaintiff's disability through her June 2006 disclosure that she is a recovering alcoholic. <u>See, e.g.</u>, <u>Kinneary v. City of New York</u>, 601 F.3d 151, 155-156 (2d Cir. 2010) (ADA discrimination plaintiff must prove adverse employment action was because of disability or perceived disability).

Fifth, the testimony is relevant to establish that Defendant Simpson's decision to fire Plaintiff was without advice of counsel. This goes to, among other items, the determination of liquidated damages under Plaintiff's FMLA retaliation claim. <u>See, e.g.</u>, <u>Brown</u>, 2009 WL 281118 at *3 .

Sixth, the testimony is relevant to establish that Plaintiff was fully qualified for her position at the time of her termination, as corroborated by the attorney for Lavelle that admitted that he "found no fault in her performance." <u>See, e.g.</u>, <u>Kinneary</u>, 601 F.3d 151, 155, <u>citing</u> 42 U.S.C. § 12112(a) (ADA prohibits discrimination against a "qualified individual").

Seventh, the testimony is relevant to establish that Defendants were represented by counsel during EEOC proceedings, when Defendants asserted to EEOC that (1) Plaintiff was terminated for six years of unacceptable job performance, and (2) Defendant Simpson first learned that Plaintiff is a recovering alcoholic in June 2006. The fact that Defendants had counsel during the EEOC proceedings is material because after Defendants made their assertions to EEOC, Defendants attempted to completely change their position those issues during this litigation, which goes to the issue of the factfinder's determination of the falsity and pretext of Defendants' proffered reasons for termination of Plaintiff. (Order at 30-31).

**D.      Any Alleged Privilege Was Waived**

  In addition to being relevant, the above referenced testimony that Plaintiff seeks to elicit from Mr. D'Andrea is not covered by any "privilege."  Even if the attorney-client privilege could have applied to any such testimony, any such privilege was completely waived by Defendants' actions.  As described below, Defendants' submissions to the EEOC waives the privilege as to the underlying subject matter.  See, e.g., E.E.O.C. v. Kidder, Peabody & Co., Inc., No. 92-cv-9243, 1993 WL 287628  (S.D.N.Y. Jul. 27, 1993) (Freeh, J.), recons. denied, 1993 WL 339279 (S.D.N.Y. Aug. 27, 1993) (submission of affidavit containing privileged information to EEOC waives privilege).

  First, Defendants intentionally injected into their EEOC submissions alleged communications between Defendant Simpson and Mr. D'Andrea, with Defendant Simpson asserting in a written position statement that "On 1/7/06 and 2/25/06 I discussed Ms. Behringer's evaluation and her unacceptable work behavior with the school's attorney, Vincent D'Andrea.....A copy of Mr. D'Andrea's bill indicating these conversations is included in the NOTES section." (Goldberg Decl., Exh. H [Excerpt of Pl. Proposed Tr. Exh. 62 at DF00670]).

  Second, Defendants intentionally submitted the attorney timesheets of Mr. D'Andrea to EEOC, apparently to corroborate that Mr. D'Andrea discussed Plaintiff with Defendant Simpson on December 17, 2005 and January 7, 2006.  (Goldberg Decl., Exh. G [Pl. Proposed Tr. Exh. 41]).

  Third, Defendants clearly believe that evidence of Mr. D'Andrea's communications with Defendant Simpson are relevant because they injected those communications into this dispute and relied upon those communications in defending Plaintiff's claims before the EEOC.

  For the foregoing reasons, Defendants' motion should be denied.

## POINT THREE

## THE TESTIMONY OF SRS. BAXTER AND HEALY, ROBERT CERPA, PH.D AND WARREN SAYRE REBUTS DEFENDANTS' ARGUMENTS AND IS ADMISSIBLE

**A.     Srs. Louis Marie Baxter And Angelus Healy**

In their motion, Defendants seek to preclude the trial testimony of Plaintiff's witnesses Srs. Louis Marie Baxter and Angelus Healy under Fed. R. Evid. 401, 402 and 602.  Defendants argue that the witnesses have no personal knowledge of any facts relevant to this case.  (Def. Br. 4-5).  Defendants' motion should be denied.  Srs. Louis Marie Baxter and Angelus Healy have knowledge of facts relevant to this matter, are qualified to testify, and their testimony is admissible.  Fed. R. Evid. 401, 402 and 602.

For example, Sister Angelus Healy (formerly Principal of Lavelle) and Sister Louis Marie Baxter (formerly Superintendent of Lavelle), are qualified to testify that they knew about Ms. Behringer's hospitalization, medical condition and disability while they were employed by Lavelle in their former positions, and signed off on her disability leave.  (Compl. ¶ 20; Goldberg Decl., Exhs. C and M [RB Dep. 111-5; Pl. Proposed Tr. Exh. 27]).   Such evidence is relevant and rebuts Defendants' anticipated argument that Plaintiff does not have a disability. (See Order at 20 ("defendants assert that plaintiff does not have a disability").

For example, Sr. Healy and Sr. Baxter are qualified to testify regarding Plaintiff's employment at Lavelle, compensation and regular salary increases.  Such testimony is relevant and supports Plaintiff's claims for damages (which incorporate a projected wage increase during her work life), as outlined in the expert report of Plaintiff's economic damages expert Steven Kaplan.  See, e.g., 42 U.S.C. § 12117 (ADA damages); 29 U.S.C. § 2617 (FMLA damages).

For example, Sr. Healy and Sr. Baxter are qualified to testify regarding Plaintiff's background, qualifications and job performance.  Such testimony is relevant, particularly given that Plaintiff anticipates that Defendants will somehow argue that trial that Plaintiff's job performance was deficient.  (See Order at 29-30); see, e.g., Kinneary, 601 F3d 151, 155, citing

8

42 U.S.C. § 12112(a) (ADA prohibits discrimination against a "qualified individual").  Notably, Sr. Healy and/or Sr. Baxter prepared and also received various documents attesting to Plaintiff's outstanding job performance including, among others, performance evaluations for Plaintiff and a letter promoting her, included in Plaintiff's list of trial exhibits.  (See, e.g., Pl. Proposed Tr. Exhs. 1-6, 14; Goldberg Decl, Exh. C [RB Dep. Tr. 112, 129, 138, 292-3, 310-12]).

**B.    Robert Cerpa, Ph.D.**

Defendants argue that the Court should preclude Robert Cerpa, Ph.D, former School Psychologist, from testifying under Fed. R. Evid. 602 and 802.  (Def. Br. 5-6).  The Court should deny the motion. Dr. Cerpa was employed by Lavelle as School Psychologist from 1992 to 2003. He is qualified to testify about Plaintiff's job performance, which he personally observed.  In fact, Dr. Cerpa wrote a letter of recommendation on behalf of Plaintiff for NAPSEC Executive of the Year Award.  This rebuts Defendants' anticipated allegations that Plaintiff's job performance was deficient.  Dr. Cerpa is also qualified to testify that in 1995 Plaintiff advised him that she is a recovering alcoholic, which is admissible for notice, and which undermines Defendants anticipated argument that Plaintiff does not have a disability, since Plaintiff made this disclosure in 1995, years before Defendant Simpson was hired in 2001 and years before the events that resulted in her unlawful termination.  (See Order at 20 ("defendants assert that plaintiff does not have a disability"); Goldberg Decl., Exh. K [Pl. Proposed Tr. Exhs. 66 and 67]).

**C.    Warren Sayre**

Defendants argue that the Court should preclude Warren Sayre, former School Security Director, from testifying under Fed. R. Evid. 602 and 802.  (Def. Br. 5-6).  The Court should deny the motion.  Mr. Sayre was employed by Lavelle as Security Director from 1998 to 2006. Mr. Sayre is qualified to testify that Plaintiff advised him that she is a recovering alcoholic, which is admissible for notice, and which undermines Defendants anticipated argument that Plaintiff does not have a disability, since Plaintiff made this disclosure in 1998, years before Defendant Simpson was hired in 2001 and years before the events that resulted in her unlawful

termination.  (See Order at 20 ("defendants assert that plaintiff does not have a disability")).  Mr. Sayre is also qualified to testify that Plaintiff confided in him that she felt Defendant Simpson was seeking to coerce her to resign from Lavelle, a fact consistent with and supportive of Plaintiff's testimony that she had a good faith belief that her FMLA rights were being violated, and evidence admissible for notice.  See e.g., Spadola v. New York City Transit Auth., 242 F.Supp.2d 284, 291 (S.D.N.Y. 2003) (with regard to protected complaint, an objectively reasonable belief that an employment practice is unlawful is "grounded on sufficient evidence that the employee was the subject of [an unlawful employment practice] at the time the protest to the offending conduct is registered") (emphasis supplied).  (Goldberg Decl., Exh. L [Pl. Proposed Tr. Exh. 68]).

For the foregoing reasons, Defendants' motion should be denied.

## POINT FOUR

## EVIDENCE REGARDING MS. BEHRINGER'S FATHER IS ADMISSIBLE

Defendants seek to preclude Plaintiff from introducing evidence regarding her father, John McGlone, his underlying health condition and subsequent death.  (Def. Br. 6-7).  Defendants argue that such evidence is inadmissible because Defendants stipulate that Mr. McGlone had a serious health condition within the meaning of the FMLA.  (Def. Br. 7, n. 5).

The Court should deny Defendants' motion.

First, Plaintiff's FMLA claim involves the fact that Plaintiff exercised her protected FMLA rights to care for her father after he was diagnosed with terminal cancer.  This is relevant background evidence supportive of Plaintiff's FMLA claims and is admissible.

Second, as detailed in Plaintiff's pending motion in limine, Plaintiff anticipates that Defendants will introduce evidence challenging the necessity or legitimacy of Plaintiff's November 2005 FMLA leave.  (See Def. Reply Memorandum of Law in Support of Motion for Summary Judgment at 10 (Civil Docket Document No. 46) (alleging that Plaintiffs FMLA complaint was "unfounded")).  If any such "evidence" is admitted at trial, Plaintiff should

10

certainly be permitted to introduce relevant background evidence regarding her father's medical condition and need for FMLA leave, to rebut Defendants' anticipated arguments.  Fed. R. Evid. 401, 402 and 403.  Defendants filed papers on March 23, 2011 re-affirming their intent to attempt to raise such arguments at trial.  (Def. Memo in Opp. to Pl. Motion at 4).

Third, the medical records regarding Mr. McGlone confirm that Plaintiff had communications with her father's doctors and took her father to medical appointments during her FMLA leave.  (Pl. Proposed Tr. Exhs. 33-35).

The fact that the parties have made one stipulation regarding the FMLA does not preclude relevant evidence as to facts supporting Plaintiff's FMLA claim and rebutting Defendants' anticipated arguments at trial.  Plaintiff is willing to further confer with Defendants' counsel to discuss additional stipulations that could potentially alleviate the need to introduce Mr. McGlone's medical records and/or call his doctors to testify.  One such stipulation would include that Plaintiff communicated with and took her father on medical appointments in 2005 to see Stefan Gorsch, M.D. and Sok Yi, M.D., F.C.C.P.  This can be addressed prior to trial.

For the foregoing reasons, Defendants' motion should be denied.

## POINT FIVE

## EVIDENCE OF MS. BEHRINGER'S PERFORMANCE AND CREDENTIALS IS ADMISSIBLE

Defendants seek to preclude evidence of Plaintiff's background, qualifications and job performance prior to Defendant Simpson's employment at Lavelle.  (Def. Br. 9-11; Pl. Proposed Tr. Exhs. 1-6, 9-11, 13-15).  The Court should deny Defendants' motion and allow Ms. Behringer to introduce admissible evidence of her job background, qualifications and job performance, because such evidence is relevant to rebut Defendants' anticipated arguments at trial.  Fed. R. Evid. 401.

First, during EEOC proceedings, Defendant Simpson essentially alleged that Plaintiff was terminated because of six years of unacceptable job performance.  (Goldberg Decl, Exh. H

11

[Excerpt of Pl. Proposed Tr. Exh. 62 at DEF 00669]).  While Defendants changed their story during depositions (see Order at 30-31), Plaintiff is entitled to introduce evidence at trial demonstrating that she had a track record of outstanding job performance, to rebut Defendants' anticipated arguments at trial regarding Plaintiff's job performance and to demonstrate the lack of credibility of Defendants' arguments, and to impeach Defendants' witnesses, regarding their accusations against Plaintiff in connection with the events in February 2007 prior to her termination.

Second, as detailed in Plaintiff's pending motion in limine, Plaintiff anticipates that Defendants will seek to introduce evidence about Plaintiff that pre-dates Defendant Simpson's employment at Lavelle, including (1) that in the early 1990's Plaintiff (a) had a car accident, was arrested and lost her drivers' licence for a period of time, and (b) fell down a flight of stairs; and (2)  testimony by Lorrie Nanry and Diane Tucker (the two other principal teachers at Lavelle) about Plaintiff's job performance and/or conduct.  (Memorandum of Law in Support of Plaintiff's Motion in Limine (Civil Docket, Document 71) at 3, 8-10).  While Plaintiff has moved to exclude such alleged "evidence," if any such "evidence" is allowed at trial, Plaintiff is entitled to rebut those allegations with evidence of her outstanding job performance during that same pre-Simpson time period.  Defendants filed papers on March 23, 2011 re-affirming their intent to attempt to raise such arguments at trial.  (Def. Memo in Opp. to Pl. Motion at 1-2, 6).

Third, as detailed in Plaintiff's pending motion in limine, Plaintiff anticipates that Defendants will seek to introduce evidence that Plaintiff sometimes failed to swipe in or out at work, was late, made personal telephone calls and was the subject of a 2001 complaint. (Def. Memo in Opp. to Pl. Motion at 1-2, 6).  While Plaintiff has moved to exclude such alleged "evidence," if any such "evidence" is allowed at trial, Plaintiff is entitled to rebut those allegations with evidence of her outstanding job performance, which evidence completely undermines the credibility of Defendants' arguments and allows for impeachment of Defendants' witnesses.  Defendants filed papers on March 23, 2011 re-affirming their intent to attempt to

raise such arguments at trial.  (Def. Memo in Opp. to Pl. Motion at 14-15).

Fourth, Defendants' list of trial exhibits includes Plaintiff's performance evaluations prior to Defendant Simpson's unlawful conduct in 2006; in fact, Defendants have listed evaluations for prior years in their list of trial exhibits.  (See, e.g., Def. Proposed Tr. Exhs. DX G and DX M). This belies Defendants' argument that job performance documents should be limited to 2006 forward.

For the foregoing reasons, Defendants' motion should be denied.

**POINT SIX**

**EVIDENCE OF DEFENDANT SIMPSON'S ALCOHOLISM**

Defendants seek to preclude Plaintiff from giving any testimony that she believes Defendant Simpson is an alcoholic, is in denial of his condition and discriminated against her for overcoming her alcoholism.  (Def. Br. 12).  The Court should deny Defendants' motion.

Plaintiff is qualified to testify that during her employment with Lavelle, she personally observed Defendant Simpson repeatedly getting drunk at various events.  Plaintiff is qualified to testify that Defendant Simpson confided in her regarding his own drinking problems, including that his wife had to supervise his drinking and had threatened to throw him out of the house if he did not control his drinking.  The record to date supports introduction of such evidence.

Defendant Simpson admits that he drinks alcohol.  (Goldberg Decl., Exh. E [FS Dep. 64]). He admits that members of his family had drinking problems. (Goldberg Decl., Exh. E [FS Dep. 62-3]).  He admits that he drank alcohol at the 2006 Christmas party.  (Goldberg Decl., Exh. E [FS Dep. 170]).  In fact, Defendant Simpson was visibly drunk at the 2006 Christmas party. (Goldberg Decl., Exh. C [RB Dep. 482-3, 511-12]). As Plaintiff testified, Defendant Simpson had a problem with alcohol.  Defendant Simpson told Plaintiff that he had problems with alcohol, his wife almost threw him out of the house for his drinking, and his wife supervised his drinking. (Goldberg Decl., Exh. C [RB Dep. 480-482]).

Such testimony and evidence is highly relevant because Plaintiff expects Defendants to

assert at trial that it is inconceivable that Defendant Simpson (or any other supervisor) would have any reason to harbor any animus against a recovering alcoholic.  To counter Defendants' arguments, Plaintiff is entitled to submit to the jury that one of the reasons Defendant Simpson discriminated against her based on Plaintiff's disability is his own inability to control his drinking, a fact Ms. Behringer observed and Defendant Simpson admitted to in his discussions with Ms. Behringer.

Plaintiff does not seek to testify as an "expert witness" that Defendant Simpson is an alcoholic.

Ms. Behringer's testimony is relevant under Fed. R. Evid. 402 to discriminatory intent: that Defendant Simpson was repulsed by Plaintiff's status as a recovering alcoholic.  Ms. Behringer's testimony will include that she saw Defendant Simpson intoxicated and that Defendant Simpson told Ms. Behringer that he had problems with alcohol, which is admissible as an admission.  Such testimony's probative value outweighs any prejudicial effect under Fed. R. Evid. 403.  Such evidence is not being offered as "inadmissible" character evidence. (Def. Br. 14).  (Goldberg Decl., Exh. C [RB Dep. Tr. 482-483, 511-512, 480-85]).

For the foregoing reasons, Defendants' motion should be denied.

## POINT SEVEN

## SILVER HILL MEDICAL RECORDS ARE ADMISSIBLE

Defendants move to exclude from evidence Plaintiff's medical records from Silver Hill Hospital, where Plaintiff was a patient in 1993 for alcoholism. (Def. Br. 14; Pl. Proposed Tr. Exh. 29).  Plaintiff obtained the records from Silver Hill and they are admissible.

Defendants argue that Plaintiff waived the right to use such records when she did not provide Defendants with a medical release form regarding Silver Hill Hospital.  Defendants also refer to the May 15, 2009 conference before Magistrate Judge Katz.  (Def. Br. 15).

Defendants' arguments are baseless.

On May 15, 2009, the parties appeared before Magistrate Judge Katz. Defendants

14

requested that the Court compel Plaintiff to provide a medical release form.  The Court declined to do so because the relevant issue as to Plaintiff's disability discrimination claim was the date that Defendant Simpson learned that Plaintiff is a recovering alcoholic, not the dates of Plaintiff's treatment at Silver Hill Hospital in 1993.  At that time, Defendants' counsel did not question the authenticity of the Silver Hill Hospital medical records regarding Plaintiff. Defendants did not file any objections to Judge Katz's rulings and Defendants did not serve a subpoena on Silver Hill during discovery.  (See Goldberg Decl., Exhs. A and B [Judge Katz's 5/15/09 Tr. at 6-12, 22-25; Court 12/9/10 Tr. at 29-31]).[2]

Furthermore, when the parties appeared before Judge Koeltl in December 2010 for oral argument on Defendants' motion for summary judgment, the Court acknowledged that it had not previously ordered Plaintiff to provide a medical release form for Silver Hill Hospital records and that Plaintiff had not violated any discovery order by not providing a medical release form regarding Silver Hill Hospital records.  Judeg Koeltl stated to Defendants' counsel "there's nothing that you have shown me that tells me that the plaintiff disobeyed [an] order or misrepresented in some way."  (Goldberg Decl., Exh. B [Court 12/9/10 Tr. at 28-33]).

Finally, there can be absolutely no dispute as to the authenticity of the Silver Hill medical records.  On March 23, 2011, Plaintiff went to Silver Hill and obtained certified copies of her medical records, the same records previously produced in this action.  (Behringer Aff. ¶ 3, Exh. A).   Thus, the Silver Hill medical records are indisputably relevant and admissible at trial.

For the foregoing reasons, Defendants' motion should be denied.

---

[2]The December 2010 transcript refers to Judge Peck but should refer to Judge Katz.

## CONCLUSION

The Court should deny Defendants' motion.

Plaintiff looks forward to the trial of this matter.

Dated:  March 28, 2011
         New York, New York

                                    Respectfully submitted,

                                    GOLDBERG & FLIEGEL LLP
                                    By: /s/ Kenneth A. Goldberg
                                    Kenneth A. Goldberg (KG0295)
                                    60 East 42nd Street #3421
                                    New York, New York 10165
                                    Attorneys For Plaintiff

16